UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREAS PEFANIS, on behalf of himself and
others similarly situated,

                              Plaintiff,                    08 CV 002 (DLC)

    - v. -

WESTWAY DINER, INC.,

                              Defendant.
------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED AS A COLLECTIVE ACTION

                              Arthur H. Forman (AF-9646)
                              MITCHELL & INCANTALUPO
                              98-20 Metropolitan Avenue
                              Forest Hills, New York 11375
                              Tel: 718-268-2616

                              *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREAS PEFANIS, on behalf of himself and
others similarly situated,

                       Plaintiff,                        08 CV 002 (DLC)

      - v. -

WESTWAY DINER, INC.,

                       Defendant.
------------------------------------------------------------X

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR COLLECTIVE CERTIFICATION

PRELIMINARY STATEMENT

      Plaintiff, Andreas Pefanis ("Pefanis") commenced this action against his former employer, Westway Diner, Inc. ("Westway"), alleging that Westway violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law by willfully failing to pay him overtime wages (First Amend Complaint ¶¶29-34)[1] and by failing to pay him federal minimum wages and New York minimum wages for the hours he worked at Westway (*Id.* ¶¶29-34)[2]. He further alleges that Westway took illegal deductions from his salary (*Id.*, ¶¶54-57). Finally, Pefanis alleges Westway violated the "spread of hours" provision of the New York Labor Law, which requires employers to pay an extra hour of pay at minimum wage if the time they work in one day is spread over ten hours or more in one day, even if they are not scheduled to work during the entire ten hours (Id. ¶¶49-53).

---

[1] Copy annexed hereto as Exhibit "A".
[2] The federal minimum wage, as codified by 29 U.S.C. § 201 (a) (1), was $2.13 per hour for tipped employees. The New York minimum wage for tipped employees was $4.35 per hour in calendar year 2006 and $4.60 per hour in 2007.

2

Plaintiff commenced this action on January 2, 2008. On February 22, 2008, the court entered a scheduling order requiring that any additional parties be joined by March 28, 2008, and that all discovery be completed by May 30, 2008. On June 2, 2008, at the request of the parties, the court revised the scheduling order so as to extend the deadline for the completion of discovery to July 30, 2008. On July 10, 2008, the plaintiff filed an amended complaint, on consent. By order dated August 11, 2008, the court placed the case on the September 15, 2008 trial ready calendar. Approximately one week later, on August 22, 2008, plaintiff brought the instant motion seeking to have the court conditionally certify the action as a collective action pursuant to the FLSA, and to authorize plaintiff's attorneys sending a notice and "opt-in" form to prospective collective action plaintiffs.

Defendant respectfully submits the instant memorandum of law in opposition to plaintiff's application to certify the action and to send notice and an opt-in form. In the event the plaintiff's motion is granted, defendant requests that discovery be reopened as to any defendants who opt-in.

## DISCUSSION

Section 216 (b) of the FLSA, 29 U.S.C. § 216 (b), allows similarly situated employees to consent in writing to join an action for minimum wages and overtime pay. District courts have discretion to regulate notices sent to potential opt-in plaintiffs. *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 196 n.3 (S.D.N.Y. 2006). However, before an opt-in notice is authorized to be sent, a court must first determine whether proposed class members are similarly situated. *Id.* at 197; *Morales v. Plantworks, Inc.*, 2006 WL 278154 at *2 (S.D.N.Y. 2006).

Plaintiff has the burden of making a "modest factual showing sufficient to demonstrate that [he or she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffman v. Sbarro, Inc.,* 982 F. Supp. 249, 261

3

(S.D.N.Y. 1997). "[P]laintiffs need merely provide some factual basis for which the court can determine if similarly situated potential plaintiffs exist." *Morales v. Plantworks, Inc., supra,* 2006 WL at 278154 at* 2 (internal quotation and citations omitted). Nevertheless, plaintiff must come forward with something more than merely conclusory allegations. *Id.* at *3 (citing Wright, Miller & Kane, *7B Federal Practice & Procedure* §1807, at 490-91). Plaintiff must show some factual nexus between the claims of the named plaintiff and those he or she wishes to permit to opt-in. *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584 at * 1 (S.D.N.Y. 2008); *Sobczak v. AWL Industries, Inc.*, 2007 WL 4934239 at *6 (E.D.N.Y. 2008).

In *Prizmic v. Armour, Inc.*, 2006 WL 1662614 at *3 (E.D.N.Y. 2006), the court denied not only certification, but also denied discovery of the names and addresses of potential opt-in plaintiffs because the plaintiff had provided no evidence that a class of similarly situated employees existed.  Similarly here, Pefanis has failed to produce a single co-worker interested in joining his lawsuit.  The action has been pending for more than nine months, since January 2, 2008.  In all that time, not one individual has provided plaintiff's attorney with a consent to join the lawsuit.

In addition, plaintiff's claims go beyond merely alleging that he was not paid overtime.  Plaintiff alleges in his complaint that he was not paid federal minimum wages, which for tipped employees was $2.13 per hour.  He also alleges that deductions were taken from his salary.  However, he has not come forward with any proof to indicate that anyone else is similarly claiming they were not paid even $2.13 per hour, or that deductions were illegally taken from their pay.

## CHANGES TO PROPOSED OPT-IN NOTICE

If the court conditionally certifies the action as a collective action, and authorizes the opt-in notice, then defendant respectfully requests that the notice be limited to tipped wait staff employees.  29 U.S.C. §216(b) allows a collective action on behalf of "other

employees similarly situated." Pefanis was a tipped employee who worked as a server in the diner for approximately one year, from 2006 until November 2007.. (See, Amended Complaint ¶5; and Plaintiff's Exh. "B" in support of the motion)  As such, he was only entitled to an hourly minimum wage of $2.13 per hour under federal law. Kitchen staff, and other employees who did not receive tips, were entitled to $5.15 per hour until July 24, 2007, when the federal minimum wage was increased to $5.85 per hour. 29 U.S.C. § 201 (a) (1).  Non-tipped employees are not similarly situated to tipped employees and thus, should not be included in the proposed notice.  The notice should be limited to those employees who worked as waiters, commonly referred to as the front of the house.  The kitchen staff, referred to as the back of the house, cannot be considered to be similarly situated to tipped employees.

To satisfy the "similarly situated" requirement of §216(b), the members of the proposed class must have held similar, although not identical positions.  *Grayson v. K Mart Corp.*,  79F.3d 1086, 1096 (11th Cir. 1996).  Pefanis, however, claims that all non-managerial employees were similarly situated.  He proposes to include "kitchen staff, waiters, busboys, and runners."  Pefanis himself, however,  was a waiter.  He has produced no proof that any employees other than waiters were similarly situated. The courts employ a relatively lenient evidentiary standard to determine whether a collective action is appropriate at the inception of discovery.  *Jackson v. N.Y. Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995).  However, discovery in the instant case has already been completed.   Plaintiff should, therefore, be held to a more stringent standard of proof.

Regardless of whether only wait staff or whether all non-managerial employees are found to be "similarly situated" to plaintiff, the proposed notice fails to advise potential members that they have the right to file with a different attorney of their own choosing.  The notice also fails to provide that if they do not join with Pefanis in his law suit, they will nevertheless not lose the right to bring their own law suit.  In addition, the

5

notice fails to include the name, address and telephone number of defendant's counsel. Finally, the notice warns against any contact, with the court, instead of instructing potential class members to return the forms to the court, and not to the plaintiff's attorneys.  See, e.g., *Iriate v. Redwood Deli and Catering, Inc.*, 2008 WL 2622929 *5-*6 (E.D.N.Y. June 30, 2008).

## CONCLUSION

For the foregoing reasons, the court should deny plaintiff's motion to certify the action as a collective action and should not authorize plaintiff to send out opt-in notices. The court should further not require defendant to disclose the name, and address and social security numbers of potential class members unless and until plaintiff has made some evidentiary showing that similarly situated employees exist who might be interested in opting-in.   Alternatively, if the court should authorize the notices, then defendant respectfully request that the changes it proposes to the notice be granted.

Dated: September 10, 2008
      Forest Hills, New York        MITCHELL & INCANTALUPO

                            By:       /S/
                                   Arthur H. Forman (AF-9646)
                                   98-20 Metropolitan Avenue
                                   Forest Hills, New York 11375
                                   Tel: 718-268-2616

                                   *Attorneys for Defendant*