D. Maimon Kirschenbaum (DK-2338)
Diane Hester (DH-4337)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff, the FLSA Collective
Plaintiffs and the proposed Class*
**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
ANDREAS PEFANIS on behalf of himself
and others similarly situated,                    INDEX NO: 08 cv 002 (DLC)


                    **Plaintiff,**


         v.


**WESTWAY DINER, INC.,**


                    **Defendant.**
--------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE
<u>PURSUANT TO 29 U.S.C. § 216(b)</u>**

Plaintiff submits this reply memorandum in response to Defendants' Memorandum of Law in Opposition To Plaintiff's Motion To Proceed As A Collective Action ("Opp.") and in further support of his motion for conditional certification ("Mot.").

**Preliminary Statement**

In their scant response, Defendants make only one half-hearted argument for not allowing section 216(b) conditional certification in this case – that no other plaintiffs have opted into this action. However, this plainly is not an element for determining section 216(b) motions. To the contrary, the whole point of conditional certification and notice is to alert potential plaintiffs about the action.

Equally ineffective is Defendants' claim that notice should be sent only to Westway's tipped waitstaff. Defendants' own evidence and deposition testimony made it abundantly clear that Westway engaged in practices that exposed all of its employees to FLSA violations, thus making them similarly situated for purposes of this action.

Thus, Plaintiff's motion for section 216(b) conditional certification should be granted.

I.  *HOFFMANN-LA ROCHE* **NOTICE SHOULD BE ORDERED IN THIS CASE FOR THE FLSA CLAIMS.**

Defendants' sole argument against granting conditional certification is that "[Plaintiff] has failed to produce a single co-worker interested in joining his lawsuit." (Opp at 4) Courts, however, have made clear that "[c]ontrary to Defendants' assertions, Plaintiff is not required to indicate specifically how many potential opt-in plaintiffs may join the suit, nor must an FLSA plaintiff join with other potential plaintiffs at the time a suit is filed in order for a representative action to be pre-certified." *Cuzco v. Orion Builders, Inc.,* 477 F.Supp.2d. 628, 634 (S.D.N.Y. 2007); *Dumitrescu v. Mr. Chow Enters.*, No. 07 Civ. 3601(PKL), 2008 WL 2600667 (S.D.N.Y. June 30, 2008) (same). This is particularly true in an environment such as Westway, where many of the employees are immigrants and where Plaintiff was openly punished for speaking up about discrepancies between the hours he worked and the hours for which he was paid.

2

(Pefanis Dep. 62-65)  Under the circumstances, it is not surprising that other Westway employees may be reluctant or fearful to join this case until receiving notice.  *See Khalil v. Original Homestead Rest.*, 07 Civ. 695 (RJH), 2007 U.S. Dist. LEXIS 70372, *4 (S.D.N.Y. August 9, 2007) ("Other employees might be understandably reluctant to express their desire to participate in the action, at least until they receive the proposed notice, which explains that the FLSA prohibits retaliation for joining the lawsuit."); *Guzman v. VLM, Inc.*, No. 07-CV-1126 (JG)(RER), 2007 WL 2994278, *3 (E.D.N.Y. Oct. 11, 2007) ("[C]oncerns of fairness favor giving notice, in light of the 'broad remedial purpose' of the FLSA" as well as the belief that many employees would be afraid to sue defendant on their own.).

Defendants' assertion that  "plaintiff has provided no evidence that a class of similarly situated employees exist[s]" (Opp. at 4), simply ignores the abundance of Defendants' own evidence submitted by Plaintiff in support of his motion.[1]  Defendants' own records and testimony show that (1) Westway kept no records of the hours worked by any of its employees, (2) Westway prepared the payroll in the same way for all of its employees, (3) Defendants did not always input the overtime hours that their employees worked into the payroll records and, thus, it was not included in the paychecks, (4) Defendants kept no records of the alleged off-the-books cash payments for unrecorded overtime allegedly paid to employees and (5) where overtime is reflected in Westway's payroll, the hours are suspiciously homogenous.  (Mot. 4-6)  As Plaintiff asserted in his moving brief, this clearly satisfies his burden of making a showing that the plaintiff and other potential plaintiffs were victims of a common policy or plan violating the FLSA.

---

[1] Regardless of the standard applied – the lenient first stage or more stringent second-stage inquiry – Plaintiff's submissions satisfy the requirements for conditional certification.

(Mot. at 7-8)  See *Dumitrescu*, 2008 WL 2600667 at *3; *Francis v. A & E Stores, Inc.*, No. 06 Civ. 1638(CLB)(GAY), 2008 WL 2588851, *2 (E.D.N.Y. June 26, 2008); *Fasanelli*, 516 F. Supp. 2d at 321; *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 91, 04 (S.D.N.Y. 2003).

*Prizmic v. Armour, Inc.*, cited by Defendants (Opp at 4), is easily distinguishable. 05-CV-2503 (DLI) (MDG), 06 U.S. Dist. LEXIS 42627  (E.D.N.Y. June 12, 2006). There, the court declined to order conditional certification because the plaintiff had not submitted *any* evidence whatsoever "to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law" but relied solely on "general" allegations in the complaint.  *Id.* at *7-8.  Here, Plaintiff's motion relies on his own deposition testimony, testimony of Defendants' witness and documents produced by Defendants to support his contention that he and other Westway employees are all victims of Defendants' common policy of failing to record hours worked, failing to pay for all hours worked and failing to pay overtime.[2]

## II.     THE PROPOSED NOTICE IS FAIR AND ADEQUATE.

Apparently realizing the flimsiness of their argument against conditional certification, Defendants quickly move on to objecting to the form of notice submitted by Plaintiff.  (Opp. at 4-6)

---

[2]  Defendants misunderstand Plaintiff's allegation that he and others were not paid even the minimum wage for hours worked.  That allegation is not based on a contention that Defendants paid its waitstaff less than $2.13 per hour for the hours actually recorded on its the payroll.  (*See* Opp. at 4)  Instead, Plaintiff has shown that Defendants failed to account for all of the hours worked by its employees and, accordingly, did not pay them for all of the hours worked.  Thus, Plaintiff complains that he and others were paid ***nothing*** for a portion of the hours they worked.  *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("To the extent that Defendants opposition relies on a detailed factual dispute about whether the Defendants . . . fail[ed] to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case.")

4

That Plaintiff worked at Westway as a tipped server and seeks to include non-tipped employees in the class is not a basis for limiting notice.  Plaintiff need not show that he and the other Westway employees are "identically situated."  *Mazur v. Olek Lejbzon & Co.*, 2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. Nov. 30, 2005).  The fact that "employees worked a variety of different jobs in a number of different departments" does not preclude class treatment.  *Hallissey v. America Online, Inc.*, 99-CIV-3785 (KTD), 2008 U.S. Dist. LEXIS 18387, *5-6 (S.D.N.Y. Feb. 19, 2008).  "The proper inquiry in a § 216(b) determination is whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated.*"  *Chowdhury v. Duane Reade, Inc.*, 06 Civ. 2295 (GEL), 2007 U.S. Dist. LEXIS 73853, *15 (S.D.N.Y. October 2, 2007) (original emphasis) (citation omitted); *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 263 (S.D.N.Y. 1997) ("The issue, therefore, is whether defendant's policy resulted in an actual practice or significant likelihood of improper deductions.").

Whether the potential collective action members are tipped or non-tipped employees makes no difference in the context of whether Defendants failed to accurately record their hours or pay them for all of their hours worked.  Plaintiff's submissions demonstrate that they are similarly situated in that respect.  (*See* Mot. 4-6)

As for Defendants' objections to the form of Plaintiff's proposed notice (Opp. at 5-6), this exact notice was approved by the court in *Fasanelli*, 516 F. Supp. 2d 317.  Moreover, notices that instruct opt-ins to return their forms to plaintiff's counsel have been approved by this Court time and again.[3]

---

[3]  *See, e.g., Dumitrescu*, 2008 WL 2600667; *Francis*, 2008 WL 2588851 at *5; *Anglada v. Linens 'N Things, Inc.,* No. 06 Civ. 12901(CM)(LMS), 2007 WL 1552511 (S.D.N.Y. May 29, 2007); *Cuzco*, 477 F.Supp.2d 628; *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 372-73 (S.D.N.Y. 2007); *Fasanelli*, 516 F. Supp. 2d at 323; *Masson v. Ecolab, Inc.*, No. 04 Civ. 4488(MBM), 2005 WL 2000133 (S.D.N.Y. Aug. 17, 2005); *Gjurovich*, 282 F. Supp.

**Conclusion**

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his motion, thereby conditionally certifying this case as a FLSA class action under 29 U.S.C. § 216(b) and authorizing dissemination of notice to the prospective collective action members.

Dated: New York, New York
September 19, 2008

>Respectfully submitted,
>
>JOSEPH & HERZFELD LLP
>
>By:   /s/ D. Maimon Kirschenbaum
>       D. Maimon Kirschenbaum (DK-2338)
>       Diane Hester (DH-4337)
>
>Charles E. Joseph (CJ-9442)
>757 Third Avenue
>25th Floor
>New York, NY 10017
>Tel: (212) 688-5640
>Fax: (212) 688-2548
>*Attorneys for Plaintiff, proposed collective action members and proposed class*

---

2d at 98.  *See also Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008); *Sobczak v. AWL Indust.*, 540 F. Supp. 2d 354 (E.D.N.Y. 2007).