```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ANDREAS PEFANIS on behalf of himself    :
and others similarly situated,          :
                        Plaintiff,      :    08 Civ. 002 (DLC)
                                        :
            -v-                         :    MEMORANDUM OPINION
                                        :         AND ORDER
WESTWAY DINER, INC.,                    :
                        Defendant.      :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff Andreas Pefanis has moved pursuant to 29 U.S.C. § 216(b) for authorization to provide notice to all non-exempt hourly employees of Westway Diner, Inc. ("Westway") in this collective action. Pefanis also seeks production of the contact information for such employees as well as an order requiring Westway to post the notice on its premises along with the form through which an employee could provide consent to join this opt-in action. For the following reasons, Pefanis's motion for authorization to provide notice to all non-exempt hourly employees is granted.

BACKGROUND

Pefanis was employed by defendant Westway Diner from 2006 until November 2007, as a server at its Manhattan restaurant. Westway paid Pefanis hourly wages weekly plus cash tips nightly. On January 2, 2008, Pefanis filed a complaint, alleging that

Westway did not pay its employees for all the time that they worked, pay time-and-a-half for overtime worked, or keep records of the hours that they worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. L. § 650 et seq., and the New York Spread of Hours Provision, N.Y. Lab. L. § 650 et seq. and N.Y. Comp. Code R. Regs. tit. 12, § 137-1.7. On July 10, he amended his complaint to allege that Westway had also made illegal deductions from employee pay in violation of the New York Labor Law, N.Y. Lab. L. § 193. Fact discovery ended on July 30. Pefanis moved for conditional certification of a collective action with respect to his FLSA claims on August 25.

Westway has opposed Pefanis's motion on the ground that no employee besides the plaintiff has joined this action despite its pendency since January 2. Alternatively, Westway requests that the notice be provided solely employees such as waiters who work the "front of the house," and not to kitchen staff, and that the proposed noticed by revised in various ways.

DISCUSSION

The FLSA regulates minimum and overtime wages paid by employers engaged in interstate commerce, among other practices. Grochowski v. Phoenix Const., 318 F.3d 80, 87 (2d Cir. 2003). The statute affords workers a right to sue on behalf of

themselves and "other employees similarly situated" for violations of the minimum wage and overtime provisions of the FLSA. See 29 U.S.C. § 216(b). Potential plaintiffs in an FLSA collective action are required to "opt in" to the suit in order to benefit from the judgment. Id. ("no employee shall be a party plaintiff to any such [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"). Plaintiff has shown that all non-exempt hourly employees of defendant are "similarly situated" as to several of the claims asserted here, including the failure to keep records and failure to pay overtime.

Defendant argues that the court should deny collective action certification because none of Pefanis's co-workers has thus far consented to join the lawsuit. The fact that no such employee has yet joined this action does not make notice inappropriate. Current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation. See Amendola v. Bristol-Myers Squibb Co., 558 F.Supp.2d 459, 466 (S.D.N.Y. 2008). Given the "broad remedial purpose of the [FLSA], which should be given a liberal construction," Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978), FLSA plaintiffs are not required to show that putative members of the collective action are

interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs.

A. Form of Notice

The parties also dispute the form that notice to the putative collective action plaintiffs will take. Westway contends that the Pefanis's proposed notice does not advise potential plaintiffs that they may file a lawsuit with an attorney of their choosing. Nor does it inform them that they may still bring their own lawsuits, even if they decline to join Pefanis's collective action. Westway also objects to the instruction that the form be returned to Pefanis's counsel, rather than to the court, and seeks to have the contact information for its own counsel included.

District courts may set the conditions under which a plaintiff gives notice to fellow employees of the existence of a collective action and the steps they must take if they wish to join the action. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989) (construing 29 U.S.C. § 216(b) in the context of an ADEA lawsuit). This authority derives from courts' inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 173 (citation omitted). "By monitoring preparation and distribution of the

notice, a court can ensure that it is timely, accurate, and informative." Id. at 172. Thus, "[a]lthough one might read the [FLSA], by deliberate omission, as not providing for notice, ... it makes more sense, in light of the 'opt-in' provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting, notice in an appropriate case." Braunstein, 600 F.2d at 336. The defendant's objections to the content of the notice will be addressed at a conference with the parties.

CONCLUSION

The motion to certify and send notice to the class is granted, pending approval of the notice form. Pursuant to plaintiff's request, defendants are ordered to produce the following contact information for all non-exempt employees in computer-readable form: names, contact information, and dates of employment for all non-exempt employees.

SO ORDERED:

Dated: New York, New York
October 8, 2008

_____
DENISE COTE
United States District Judge