D. Maimon Kirschenbaum (DK 2338)
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548
maimon@jhllp.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
ANDREAS PEFANIS on behalf of
themselves and others similarly situated,

                **Plaintiff,**     **INDEX NO: 08 CIV. 002(DC)**

   v.

**WESTWAY DINER, INC.**

                **Defendants.**
-------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..........................................................................................................................2

ARGUMENT ................................................................................................................................4

    I. THE RULE 23(a) REQUIREMENTS ARE SATISFIED..................................................5

        A. The Class is Identifiable and Ascertainable................................................................5

        B. The Class is so Numerous that Joinder of the
           Class is Impracticable ................................................................................................6

        C. Questions of Law and Fact are Common to the Class ...............................................6

        D. The Claims of the Representative Plaintiff are
           Typical of the Claims of the Class.............................................................................8

        E. The Representative Party Will Fairly and Adequately
           Protect the Interests of the Class................................................................................9

    II. THE RULE 23(b)(3) REQUIREMENTS ARE SATISFIED ...........................................10

        A. Common Questions of Law and Fact Predominate .................................................10

        B.    A Class Action is Superior to Other Available
           Methods for Fairly and Efficiently Adjudicating
           The Claims................................................................................................................10

CONCLUSION...........................................................................................................................12

## **PRELIMINARY STATEMENT**

Named Plaintiff Andreas Pefanis ("Plaintiff") submits this memorandum in support of his motion for class certification of his state law claims under Federal Rule of Civil Procedure 23 ("Rule 23").[1] This is a wage and hour action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law, §§ 650 *et seq.*, 193. Plaintiff claims that Defendant Westway Diner, Inc. ("Defendant" or "Westway") failed to properly compensate him and others similarly situated.

On January 2, 2008, Plaintiff filed this Action on behalf of himself and others similarly situated, alleging numerous violations of the FLSA and New York law. Plaintiff's Complaint asserts four claims under New York law: (1) Defendant failed to pay the New York minimum wage, N.Y. Labor Law § 652; N.Y. Code Comps. R. & Regs. tit. 12, §§ 137-1.2, 137-1.5; (2) Defendant failed to properly compensate employees for overtime, i.e., hours worked over forty in a week, at one and one half times their regular rate, N.Y. Code Comps. R. & Regs. tit. 12, § 137-1.3; (3) Defendant failed to provide spread of hours pay of one hour's pay at the minimum wage when an employee's workday was longer than ten hours, N.Y. Code Comps. R. & Regs. tit. 12, § 137-1.7; and (4) Defendant made illegal deductions from employees' pay, N.Y. Labor Law § 193. On October 8, 3008, this Court granted conditional certification of the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b). *Pefanis v. Westway Diner, Inc.*, No. 08-Civ-002, 2008 U.S. Dist. LEXIS 81082. Plaintiff now seeks certification of the New York claims as a class action pursuant to Rule 23.

---

[1] Plaintiffs submit together with this Memorandum the declarations of Andreas Pefanis, dated March 10, 2009; Salvador Peralta, dated February 20, 2009; and D. Maimon Kirschenbaum, dated March 12, 2009. A true and correct copy of pages of the deposition of Petros Dafnos cited herein is attached to the Declaration of Maimon as Exhibit A. A proposed Notice to putative Class Members is attached hereto as Exhibit B.

1

## BACKGROUND

Plaintiff was employed by Defendant for approximately one year, from on or about November 2006 to on or about November 2007. Plaintiff typically worked in excess of forty hours per week. (Pefanis Dec. ¶ 4.) Other putative class members also worked in excess of forty hours per week. (*Id.* at ¶ 8; Peralta Dec. ¶¶ 4, 6.) However, while Plaintiff occasionally received some overtime pay at the rate of one and one half times the minimum wage for hours worked in excess of forty in a week, Plaintiff and other putative class members were not paid for all of the hours they worked, including overtime hours. (Pefanis Dec. ¶¶ 5-6, 8.) Similarly, opt-in plaintiff Salvador Peralta typically worked sixty hours a week but was not paid time and a half for hours worked in excess of forty in a week. (Peralta Dec. ¶ 5.) Moreover, Westway employees did not receive spread of hours pay of an extra hour's pay at the minimum wage on workdays that exceeded ten hours. (Pefanis Dec. ¶ 7; Peralta Dec. ¶ 7.) In fact, Petros Dafnos, Westway's general manager, did not know that employees were entitled to spread of hours pay. (Dafnos Dep. 29:16-24, June 12, 2008.)

All Westway employees were subject to the same payroll practices. Defendant kept no records of the hours its employees worked. Although a weekly schedule was posted in the restaurant's kitchen, there was no method for employees to sign in or otherwise record their time at work. (*Id.* at 22:10-17, 27:15-28:8.) By Defendant's own admission, it never created or kept records of the hours its employees worked. (*Id.* at 23:2-17, 28:4-8.) As a result, when Mr. Dafnos entered the hours worked by all 25 Westway employees on the payroll worksheet at the end of each week he did so from memory. (*Id.* at 18:19-25.) He only occasionally referred to the weekly shift schedules in entering employees' time, despite the fact that he was not present at the restaurant every hour and day that it was open. (*Id.* at 22:2-4, 20:10-17.) Therefore, if an

2

employee worked more hours than those for which he was scheduled, someone would have to orally convey that information to Mr. Dafnos or those hours would not make it onto the payroll worksheets. (*Id.* at 20:18-21:17.)

This factual background reveals numerous violations of law by Defendant. Defendant has failed to comply with New York law requiring employers to compensate employers at one and one half times their regular rate for hours worked in excess of forty per week. N.Y. Code Comps. R. & Regs. tit. 12, § 137-1.3. Defendant has additionally failed to provide spread of hours pay pursuant to New York law. N.Y. Code Comps. R & Regs. tit. 12, § 137-1.7.

Moreover, Defendant's admitted failure to maintain time records for any employee is a patent violation of federal and state law, which require employers to maintain records for each employee of, *inter alia*, (1) hours worked; (2) gross wages; (3) deductions from wages; and (4) net wages. 29 C.F.R. § 516.2; N.Y. Labor Law § 195(4); N.Y. Code Comps. R. & Regs. tit. 12, 137-2.1. Under federal law, where an employer fails to maintain accurate and/or adequate records "and the employee cannot offer convincing substitutes, . . . . [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997). Rather, an employee must merely "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* "[I]t is possible for [a] plaintiff to meet this burden by relying on his recollection alone." *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005). New York Labor Law imposes an even lighter burden of proof on Plaintiffs. § 196-a provides that where an employer fails to comply with recordkeeping requirements, the employer "shall bear the burden of proving that the complaining employee was paid wages,

3

benefits, and wage supplements." Since Defendant failed to keep time records, it stands to reason that all Class Members were not properly compensated for their time worked. Moreover, because Defendant failed to comply with New York's recordkeeping requirements, it will bear the burden of proving that each Class Member was properly compensated.

## ARGUMENT

Plaintiff seeks to certify a class ("the Class") defined as all non-exempt persons employed by Defendant in any non-exempt position, including but not limited to kitchen staff, servers, busboys, and runners at any time from January 2, 2002 to the date of final judgment in this matter.

Plaintiff seeks certification under Rule 23 of four claims: (1) failure to pay Class Members the minimum wage; (2) failure to pay Class Members proper overtime wages; (3) failure to pay Class Members spread of hours compensation; and (4) unlawful deductions from Class Members' pay.

A court may certify a class pursuant to Rule 23 where it finds that each requirement of Rule 23(a) and a subsection of Rule 23(b) are satisfied. A court must conduct a "rigorous analysis" to determine whether those prerequisites are met. *Gen. Tel. Co. of the Sw. v. Falson*, 457 U.S. 147, 161 (1982); *In re Initial Public Offering Sec. Litig.*, 471 F.3d 24, 29 (2d Cir. 2006). Rule 23(a) requires that

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, Rule 23(a) implicitly requires that class members be identifiable and ascertainable. *Jankowski v. Castaldi*, No. 01-Civ-0164, 2006 U.S. Dist. LEXIS 4237, at *4 (E.D.N.Y. Jan. 13, 2006).

A class may be certified under Rule 23(b)(3) where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

In considering a motion for Rule 23 class certification, "a court may not address the merits of the action except to the extent that a merits issue overlaps with a Rule 23 requirement." *In re Fosamax Prod. Liability Litig.*, 248 F.R.D. 389, 395 (S.D.N.Y. 2008). Moreover, "[t]he determination as to a Rule 23 requirement is made only for the purposes of class certification and is not binding on the trier of facts at the subsequent merits stage of the action." *Id.* at 395.

## I. THE RULE 23(a) REQUIREMENTS ARE SATISFIED

### A. The Class is Identifiable and Ascertainable

A class is identifiable and ascertainable where it is "administratively feasible for a court to determine whether a particular individual is a member of the class." *Jankowski*, 2006 U.S. Dist. LEXIS 4237, at *14 (internal quotation omitted). In addition, the class members must be "ascertained by reference to objective criteria." *Id.* (internal quotation omitted). Here, Defendant's records can easily identify all class members, *i.e.*, all individuals employed by Defendant in non-exempt positions since January 2, 2001. Therefore, the class is identifiable and ascertainable.

### B. The Class is so Numerous that Joinder of the Class is Impracticable.

Numerosity under Rule 23(a)(1) is presumed where a putative class has forty or more members. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y. 2001). Defendant has provided Plaintiffs with a list of 52 current and/or former employees from the last three years. Since the relevant time period for the New York claims is the last six years, the total number of Class Members is almost certainly greater than 52. Therefore, numerosity is clearly established.

### C. Questions of Law and Fact are Common to the Class.

Rule 23(a)(2)'s commonality requirement is a liberal one, which "require[s] that only one issue be common to all class members." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 181 (W.D.N.Y. 2005). *See also Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997); *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008).

In this case, there are numerous questions of law and fact common to the putative class revolving around the legality of Defendant's compensation practices and policies. These include factual questions regarding Defendant's payroll and timekeeping practices, practices and policies regarding deductions from employees' wages and/or tips, overtime policy, and compliance with the minimum wage. There are also common questions of law regarding the applicability and interpretation of New York Labor Law and relevant regulations.

Plaintiff has incontrovertibly stated that he and other class members were not paid for all of the hours they worked, including overtime hours. (Pefanis Dec. ¶¶ 4-6, 8.) Neither Plaintiff nor opt-in plaintiff Salvador Peralta received a spread of hours premium for workdays longer

6

than ten hours. (*Id.* at ¶ 7; Peralta Dec. ¶ 7.) These declarations raise questions of fact that are common to all class members.

The deposition of Petros K. Dafnos, Westway Diner's General Manager, further supports a finding that putative Plaintiff and Class Members were subject to the same compensation practices and policies. He testified that the same person is in charge of payroll for all waiters, and all waiters are subject to the same pay structure. (Dafnos Dep. 10:24-11:23.) He also stated that all employees are subject to the same lack of timekeeping, and they neither sign in nor clock in to work. (*Id.* at 19:25-20:9.) Rather, they were paid for hours worked according to Mr. Dafnos's recollection. (*Id.* at 15:15-19:24.) In light of this admission that Defendant did not keep the required wage and hour records, all class members will similarly benefit from the shifting to Defendant of the burden of proof with respect to proper payment for hours worked. N.Y. Labor Law § 196-a. Moreover, since Defendant failed to keep contemporaneous time records for any employee, it is virtually certain that no employee was paid for all the hours he or she worked.

Mr. Dafnos further admitted that he had never heard of "spread of hours" pay and did not know that New York law requires an employer to pay an employee one additional hour of the minimum wage where the employee's spread of hours exceeds ten hours. (*Id.* at 29:16-24.) Thus, no Class Member received the spread of hours premium.

Importantly, "[o]nce a common question is identified, differences among the questions raised by individual members [of the class] will not defeat commonality." *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 371 (S.D.N.Y. 2007) (internal quotation omitted, alteration in original). Thus, any differences among Class Members regarding damages or other individual issues are immaterial to the question of whether commonality exists.

7

Since Plaintiff challenges what he alleges and Defendant admitted are practices and procedures to which all of Defendant's employees were subject, the commonality requirement is easily satisfied.

### D. The Claims of the Representative Plaintiff are Typical of the Claims of the Class.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." While "the commonality inquiry establishes the existence of a certifiable class, . . . the typicality inquiry focuses on whether the claims of the putative class representatives are typical of the class sharing common questions." *Damassia*, 250 F.R.D. at 157 (internal quotation omitted).

Typicality exists "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A.*, 126 F.3d at 376 (internal quotation omitted). This requirement is satisfied where "Plaintiff and the prospective class were subject to the same general employment scheme." *Lee*, 236 F.R.D. at 204.

Here, it is evident that Plaintiff and the putative Class Members were subject to the same general employment scheme. As discussed in Section I.C., *supra*, Mr. Dafnos' deposition clearly establishes that all employees were subject to the same "general employment scheme" concerning compensation practices and procedures. For instance, all employees were subject to the same lack of timekeeping, and their pay was determined in the same way, *i.e.*, based on Mr. Dafnos' memory of their time worked. Moreover, Plaintiff and the Class Members will rely on the same wrongful conduct of Defendant and advance the same legal arguments in support of their claims. Therefore, typicality is satisfied.

### E. The Representative Party Will Fairly and Adequately Protect the Interests of the Class.

The final requirement of Rule 23(a)(4) is that "the representative parties will fairly and adequately protect the interests of the class." Adequacy is satisfied where "1) Plaintiff's interests are [not] antagonistic to the interests of other members of the class and 2) Plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000). The fact that typicality is satisfied "is strong evidence that [Plaintiff's] interests are not antagonistic to those of the class; the same strategies that will vindicate [Plaintiff's] claims will vindicate those of the class." *Damassia*, 250 F.R.D. at 158.

Here, Plaintiff has stated his willingness and ability to act as class representative. He was subject to the same policies and practices as all other putative Class Members, and his interests are not antagonistic to those of the Class. (Pefanis Dec. ¶¶ 8, 11-13.) The same legal arguments and strategies will be used to vindicate both his claims and those of the Class.

Plaintiff's counsel in this case are highly experienced in complex wage and hour litigation. *See, e.g., Agofonova v. Nobu Corp.*, No. 07-Civ-6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of settlement and certification of settlement class in wage and hour class action); *Williams v. Twenty Ones, Inc.*, No. 07-Civ-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008) (conditionally certifying FLSA collective action of restaurant/club workers); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007) (conditionally certifying FLSA collective action of restaurant workers). Plaintiff's counsel are willing and able to commit the necessary resources to represent the class, and have already engaged in significant discovery. Plaintiff's counsel therefore meet the adequacy requirement of Rule 23.

9

## II. THE RULE 23(b)(3) REQUIREMENTS ARE SATISFIED

### A. Common Questions of Law and Fact Predominate

Under Rule 23(b)(3), common questions of law or fact predominate "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individual proof." *Moore v. Painewebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002). Courts routinely find that common questions predominate in wage and hour actions brought on behalf of a class of employees of the same employer challenging allegedly illegal policies and practices. *See, e.g.*, *Damassia*, 250 F.R.D. at 161; *Iglesias-Mendoza*, 239 F.R.D. at 372-373; *Jankowski*, 2006 U.S. Dist. LEXIS 4237, at *12-13; *Frank*, 228 F.R.D. at 183.

Issues regarding whether class members were entitled to but did not receive the minimum wage and overtime "are about the most perfect questions for class treatment." *Iglesias-Mendoza*, 239 F.R.D. at 373. Those issues, which are the primary issues in this case for all Class Members, are subject to generalized proof regarding Defendant's policies and practices. Thus, the common issues regarding the legality of Defendant's compensation policies and practices clearly predominate over any individual issues that may arise, such as questions of the damages to which each individual Class Member is entitled. *Frank*, 228 F.R.D. at 183 (stating that individual questions regarding damages do not defeat predominance, and collecting cases finding same).

### B. A Class Action is Superior to Other Available Methods for Fairly and Efficiently Adjudicating the Claims.

A class may be certified under Rule 23(b)(3) only where "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." A class action is the best way for Class Members in this case to vindicate their rights.

Courts routinely find superiority where, as here, it is unlikely that class members would bring individual actions on their own behalf because the costs of individual litigation would likely outweigh their recovery. *E.g., Jankowski*, 2006 U.S. Dist. LEXIS 4237, at *13-14; *Frank*, 228 F.R.D. at 183-84; *Velez v. Leal*, No. 03-Civ-8698, 2005 U.S. Dist. LEXIS 709, at *19-20 (S.D.N.Y. Jan. 18, 2005); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 394 (W.D.N.Y. 2005)

A class action is also the superior method of adjudication where "class members may fear reprisal and would not be inclined to pursue individual claims." *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at *53-54 (S.D.N.Y. 2006). There is ample evidence that some current Westway employees are afraid to join this lawsuit because of their immigration status. (Peralta Dec. ¶ 8.) Kyriakos Dafnos, the owner of the restaurant, told employees that the notice they received to opt-in to the FLSA claims was garbage. (Peralta Dec. ¶ 8.) Mr. Dafnos also called an employer of Plaintiff Pefanis and said that he was a rat and should be fired. (Pefanis Dec. ¶ 10.) Given this type of intimidation, class members are unlikely to pursue individual claims, and a class action is superior.

Moreover, in the Second Circuit "[c]ourts . . . have found that permitting New York Labor Law claims to proceed as Rule 23(b)(3) class actions, along with FLSA collective actions, is a superior method." *Trinidad v. Breakaway Courier Sys. Inc.*, No. 05-Civ-4116, 2007 U.S. Dist. LEXIS 2914, at *25 (S.D.N.Y. Jan. 12, 2007). Indeed, "where a collective action under the FLSA that is based on the same set of facts has been approved, there is an inclination to grant class certification of the state labor law claims." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202-203 (S.D.N.Y. 2006). Since this Court has already conditionally certified the FLSA claims in this Action as a collective action, certifying the state law claims as a class action will promote judicial economy. *Schotisek*, 229 F.R.D. at 393-94.

For these reasons, a class action is the superior way of adjudicating the state law claims in this Action.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this motion and issue an order certifying the Class under Rule 23.

Date: March 12, 2009
      New York, New York

                                        Respectfully submitted,

                                        /s/ D. Maimon Kirschenbaum
                                        D. Maimon Kirschenbaum (DK 2338)

                                        Charles Joseph (CJ 9442)
                                        JOSEPH & HERZFELD LLP
                                        757 Third Avenue, 25th Floor
                                        New York, New York 10017
                                        Tel: 212-688-5640
                                        Fax: 212-688-2548

                                        *Attorneys for Settlement Class*