UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDREAS PEFANIS,

                Plaintiff,

      -v.-

WESTWAY DINER, INC.,

                Defendant.
------------------------------------------------------------------------X

Index. No.
08 CV 002 (DC)

MEMORANDUM OF LAW IN OPPOSITION
TO MOTION FOR CLASS CERTIFICATION

Arthur H. Forman (AF-9646)
MITCHELL & INCANTALUPO
98-20 Metropolitan Avenue
Forest Hills, NY 11375
(718) 268-2616

*Attorneys for Defendant*

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | . . . . . . . | 4 |
| ARGUMENT | . . . . . . . | 4 |
| I. PLAINTIFFS FAIL TO MEET THEIR BURDEN UNDER RULE 23 | . . | 4 |
|     A. NUMEROSITY: PLAINTIFFS HAVE FAILED TO SHOW THAT JOINDER IS IMPRACTICABLE UNDER RULE 23(A)(1) | . . | 6 |
|     B. COMMONALITY: PLAINTIFFS HAVE FAILED TO SHOW THAT QUESTIONS OF LAW OR FACT ARE COMMON TO THE CLASS |  | 8 |
|     C. TYPICALITY: PLAINTIFFS HAVE FAILED TO SHOW THAT THE CLAIMS OR DEFENSES OF THE NAMED PARTIES ARE TYPICAL OF THE CLASS | . . . . . | 9 |
| II. PLAINTIFFS HAVE NOT SUSTAINED THEIR BURDEN UNDER FED. R. CIV. PRO. RULE 23(b)(3) | . . . . . | 10 |
| CONCLUSION | . . . . . . . . . | 12 |

1

## TABLE OF AUTHORITIES

Page

**Cases**

*Almeida v. Aguinaga*
   500 F. Supp.2d 366 (S.D.N.Y. 2007) . . . . . . 12

*Amchem Prods., Inc. v. Windsor*
   521 U.S. 591, 117 S. Ct. 2231 (1997) . . . . . 4, 5, 11

*Ansari v. New York Univ.*
   179 F.R.D. 112, 114 (S.D.N.Y. 1998) . . . . . . 6

*Benner v. Becton Dickinson and Co.*
   214 F.R.D. 157 (S.D.N.Y. 2003) . . . . . . . 11

*Bishop v. N.Y.C. Dept. of Housing, Preservation and Development*
   141 F.R.D. 229 (S.D.N.Y. 1992) . . . . . . . 6

*Daniels v. City of New York*
   198 F.R.D. 409 (S.D.N.Y. 2001) . . . . . . . 4

*Diaz v. Elecs. Boutique of Am, Inc,*
   2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. 2005) . . . . . 10

*Elliott Assoc. v. J. Henry Schroder Bank & Trust Co.*
   655 F. Supp. 1281 (S.D.N.Y. 1987), *aff'd*, 838 F.2d 66 (2d Cir. 1988) . . 7

*Fogarazzo v. Lehman Bros.*
   232 F.R.D. 176, 179 (S.D.N.Y. 2005) . . . . . . 5

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
   903 F.2d 176 (2d Cir. 1990) . . . . . . . 10

*General Tel. Co. v. Falcon*
   457 U.S. 147, 102 S. Ct. 2364 (1982) . . . . . . 4

*Heerwagen v. Clear Channel Communications*
   435 F.3d 219 (2d Cir. 2006) . . . . . . . 11

*Hocheberg v. Howlett*
   1994 U.S. Dist. LEXIS 132 (S.D.N.Y. 1994) . . . . . 6

*In re Currency Conversion Fee Antitrust Litig.*
   230 F.R.D. 303 (S.D.N.Y. 2004) . . . . . . . 5

*In re Init. Publ. Offer. Sec. Litig.*
   471 F.3d 24 (2d Cir. 2006) . . . . . . . 5

*Labate-D'Alauro v. GC Servs., Ltd. Pshp.*
  168 F.R.D. 451 (E.D.N.Y. 1996)    .    .    .    .    .    .    .    8

*Pefanis v. Westway Diner, Inc.*
  2008 U.S. Dist. LEXIS 81082 (S.D.N.Y. 2008)    .    .    .    .    .    4

*Primavera Familienstiftung v. Askin*
  178 F.R.D. 405 (S.D.N.Y. 1998)    .    .    .    .    .    .    .    7

*Robidoux v. Celani*
  987 F.2d 931 (2d Cir. 1993)    .    .    .    .    .    .    .    7

*Sandwich Chef of Texas, Inc. v. Reliance Nat'l Indemnity Ins. Co.*
  319 F.3d 205 (5th Cir. 2003), *cert. denied*, 540 U.S. 819 (2003) .    .    .    5

*Seenaraine v. Securitas Security Services* USA, Inc.
  37 A.D.3d 700 (2d Dept 2007), *lv. app. den.*, 9 N.Y.3d 813 (2007)    .    .    11

*Teamsters v. Bombadier*
  546 F.3d 196 (2nd Cir. 2008)    .    .    .    .    .    .    .    5

*Thiebes v. Wal-Mart Stores, Inc.*
  2002 WL 479840 (D.Or. 2002)    .    .    .    .    .    .    .    7

*U.S. Fidelity and Guaranty Co. v. Madison Financial Corp.*
  2002 U.S. Dist. LEXIS 23374 (S.D.N.Y. 2002)    .    .    .    .    .    6

*Vengurlekar v. Silverline Technologies, Ltd.*
  220 F.R.D. 222 (S.D.N.Y. 2003)    .    .    .    .    .    .    .    10

*Waste Mgmt. Holdings Inc., v. Mowbray*
  208 F.3d 288 (1st Cir. 2000)    .    .    .    .    .    .    .    5

**Statutes and Administrative Codes**

12 N.Y. O.C.C.R.R. §§137-1.2 and 1.5

**Rules**

Fed. R. Civ. P. 23(a)    .    .    .    .    .    .    .    .    .    4, 5

Fed. R. Civ. P. 23(b)(3)    .    .    .    .    .    .    .    .    10

**PRELIMINARY STATEMENT**

Defendant Westway Diner, Inc. (hereinafter, "Westway" or the, "Restaurant") submits this memorandum of law in opposition to plaintiff's' motion seeking class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3).  Plaintiffs seek to pursue a class action for overtime pay, minimum wages, spread of hours pay, and illegal pay deductions.  According to plaintiffs, the potential class includes at least 52 present and former employees who worked at defendant's restaurant. (Pl. Memorandum p. 6)  Plaintiffs' motion should be denied as they have not met their burden on this motion.

Previously, by order dated October 8, 2008, this Court granted conditional certification of the FLSA claims as a collective action.  *Pefanis v. Westway Diner, Inc.*, 2008 U.S. Dist. LEXIS 81082.  Thereafter, plaintiffs' counsel sent notice of the law suit to all of Westway's current and former employees who worked during the last three years.  Although the time for opt-in plaintiffs to consent to join the action expired on January 30, 2009, only one claimant, Salvador Peralta, filed a consent to join. (Affirm. in Opp., para. 3).

**ARGUMENT**

**I.    PLAINTIFFS FAIL TO MEET THEIR BURDEN UNDER RULE 23**

Plaintiffs have moved for class certification of their claims pursuant to Fed. R. Civ. Pro. 23.  As the moving parties, Plaintiffs bear the burden of establishing all the requirements of Rule 23.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S. Ct. 2231 (1997); *Daniels v. City of New York*, 198 F.R.D. 409. 413 (S.D.N.Y. 2001).  The Court must find that the plaintiff has met his burden by establishing each requirement under Rule 23(a) and engage in a rigorous analysis before granting class certification.  *See General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372

4

(1982); *In re Init. Publ. Offer. Sec. Litig.,* 471 F.3d 24, 41-42 (2d Cir. 2006). "All of the elements of Rule 23 are prerequisites to certification; failure to meet any one of them precludes certification as a class." *In re Currency Conversion Fee Antitrust Litig.,* 230 F.R.D. 303, 310 (S.D.N.Y. Dec. 2, 2004) (internal quotations and citation omitted). Plaintiff must produce sufficient evidence, by affidavits, documents, or testimony to satisfy the court that each requirement of Rule 23 has been proved by a preponderance of the evidence. *Teamsters v. Bombadier*, 546 F.3d 196, 202-203 (2nd Cir. 2008).

In deciding whether to certify a class, a court must not base its decision exclusively on the pleadings, but "must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." *Waste Mgmt. Holdings Inc., v. Mowbray*, 208 F.3d 288, 298 (1st Cir. 2000). "Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues". *Sandwich Chef of Texas, Inc. v. Reliance Nat'l Indemnity Ins. Co.*, 319 F.3d 205, 222 (5th Cir. 2003), *cert. denied*, 540 U.S. 819 (2003). "The Supreme Court unequivocally requires district courts to undertake a 'rigorous analysis' that the requirements of Rule 23 have been satisfied." *Fogarazzo v. Lehman Bros.*, 232 F.R.D. 176, 179 (S.D.N.Y. 2005).

A class action requires that the four threshold requirements of Fed. R. Civ. P. Rule 23(a) be met: (1) numerosity – the class is so large that joinder of all members is impracticable; (2) commonality – questions of law or fact are common to the class; (3) typicality – named parties claims or defenses are typical of the class; and (4) adequacy of representation – representatives will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613, 117 S. Ct. 2231 (1997).

**A.     NUMEROSITY:** PLAINTIFFS HAVE FAILED TO SHOW THAT JOINDER IS IMPRACTICABLE UNDER RULE 23(A)(1)

Plaintiffs allege that they seek to represent a prospective class consisting of over 50 members.  However, by resting solely on this number, Plaintiffs have failed to show that joinder of the proposed class members to this action is impracticable.  For example, plaintiffs can readily contact other prospective class members, who have both the incentive and ability to join this action or institute another action, if they so choose.

"In determining whether a putative class is no numerous as to make joinder impracticable, 'courts should not be so rigid as to depend on mere number', but should look to 'all circumstances surrounding a case.'"   *Hocheberg v. Howlett,* 1994 U.S. Dist. LEXIS 132, at *3 (S.D.N.Y. 1994) (quoting *DeMarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968)).  In determining whether joinder is practicable, the courts consider various factors including, "the inconvenience of trying individual suits, the nature of the action, the size of the individual claims, and the location of the class members."   *Bishop v. N.Y.C. Dept. of Housing, Preservation and Development,* 141 F.R.D. 229, 235 (S.D.N.Y. 1992).  In *Hocheberg*, this Court noted that class certification should be denied "when the members are relatively few, readily identifiable and reside in the same geographic area."  *Id.* at*3-4.

Generally speaking, courts will find that the `numerosity' requirement has been satisfied when the class is composed of 40 or more members and will find that it has not been satisfied when the class contains 21 or fewer members.   *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).  However, there is no magic minimum number that establishes numerosity.  *U.S. Fidelity and Guaranty Co. v. Madison Financial Corp.,* 2002 U.S. Dist. LEXIS 23374, at *18 (S.D.N.Y. Dec. 4, 2002).

"In dealing with the issue of numerosity, [the Court] deal[s] with it not in absolute numbers, but in the relationship of the numbers of the putative class members involved

6

to their economic interests and all of the other circumstances peculiar to [a] case." *Elliott Assoc. v. J. Henry Schroder Bank & Trust Co.,* 655 F. Supp. 1281, 1285 (S.D.N.Y. 1987), *aff'd*, 838 F.2d 66 (2d Cir. 1988). As the Second Circuit has stated:

> Courts do consider other factors than raw numbers when determining whether joinder is impracticable, including (1) judicial economy arising from the avoidance of a multiplicity of actions; (2) the geographic dispersion of class members; (3) class members' financial resources; (4) the ability of claimants to institute individual lawsuits; (5) knowledge of the name and existence of potential class members; (6) the amount of each member's individual claim; and (7) requests for prospective injunctive relief that would involve future class members.

*Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993).

Courts typically decide against certification based on a plaintiff's failure to meet more than one of the factors cited above. In *Primavera Familienstiftung v. Askin*, 178 F.R.D. 405, 410 (S.D.N.Y. 1998), for example, the Court denied certification by noting among other things, that "[a]lthough the class members are geographically dispersed, the identity and whereabouts of all potential class members are known to the parties. [Plaintiffs] could easily contact potential litigants and propose joinder to their actions." 178 F.R.D. at 410.

A Court must consider all the above factors in determining whether Plaintiffs have met their burden in satisfying Rule 23(a)(1), and yet Plaintiffs merely recite that "the total number of class members is almost certainly greater than 52." (Pl. Mem. at 8), and without further discussion, assume that the numerosity requirement has been met. As such, plaintiffs have failed to meet their burden.

In *Thiebes v. Wal-Mart Stores, Inc.*, 2002 WL 479840 (D.Or. Jan. 9, 2002), the court declined to certify a class until finding out how many members opted in to the FLSA collective action. The court focused on the percentage of individuals who opted in. When 425 individuals opted in out of a potential class of 15,000 members, the court held that joinder was not impracticable, and that a class action was not a superior method of resolving the state law claims.

7

Although plaintiffs speculate that at least 50 current or former employees have claims similar to the named plaintiff, the actual fact is that only Mr. Peralta chose to opt-in to join this action, although notice was sent to more than 50 current and former employees. Having failed to attract even 5% of the employees solicited, plaintiffs now seek to join them by default through a class action. It is respectfully submitted, that plaintiffs should not be permitted to burden the defendants and this Court with litigation when one single member of the proposed class has actually indicated that they believe defendants may have similar liability towards them.

**B.     COMMONALITY:** PLAINTIFFS HAVE FAILED TO SHOW THAT QUESTIONS OF LAW OR FACT ARE COMMON TO THE CLASS

In order to satisfy the commonality requirement under 23(a), plaintiffs must show that there are common issues of law or fact that affect all putative class members. "The critical inquiry is whether the common questions are at the 'core' of the cause of the action alleged." *Labate-D'Alauro v. GC Servs., Ltd. Pshp.,* 168 F.R.D. 451, 456 (E.D.N.Y. 1996).

In support of their motion for class action certification, plaintiffs have submitted no affidavits from potential class members. Plaintiffs have only submitted declarations from the named plaintiff, Andreas Pefanis, and the one opt-in plaintiff, Salvador Peralta. The two declarations invoke hearsay and double hearsay to attempt to establish a commonality of claims with the other former or current employees of defendant.

Pefanis claims, "Other waiters….told me that they were not paid for all the hours they worked, including overtime hours." (Pefanis Decl. ¶ 8). He then asserts, "[E]mployees have told me that they are afraid to join this lawsuit…." (*Id.* ¶ 9). He goes on to state, "The assistant manager….told me that Kyriakos Dafnos….said I was a rat

8

and should be fired." (*Id.* ¶ 10)  Similarly, Peralta declares, "[A] current employee told me that….some employees were afraid to opt-in to this lawsuit because of their immigration status." (Peralta Decl. ¶ 8).

Plaintiffs also cite to the deposition of Petros Dafnos to show that defendants employed a method or procedure common to all employees which was designed to deny them overtime pay.  However, the transcript of Mr. Dafnos does not support this interpretation.

According to plaintiffs, Mr. Dafnos states that overtime hours, "would not make it onto the payroll worksheets." (Plaintiffs' Memo, p.3)  What Mr. Dafnos actually said, however, was that the hours each employee worked were recorded at the end of each week. (Dafnos Dep. at pp.17-18).  There were only approximately 25 employees working at the restaurant.  (*Id.* at p. 19).  The employees usually worked the same hours each week. (*Id.* at p. 20).   The employees would advise Mr. Dafnos or his father or uncle if they worked different hours than those on the schedule. (*Id.* at p. 21).

Plaintiffs' attempt to extrapolate a scheme to deprive employees of their pay is simply not supported by the deposition testimony of Mr. Dafnos.  Westway is a small family run restaurant with a total of 25 employees.  For the most part, the employees worked the same hours each week.  But if they did not work the exact hours on their posted schedule, they would let Mr. Dafnos know, or tell his uncle or father.  The testimony of Mr. Dafnos does not show that the payroll procedures were designed to avoid paying overtime to all the employees.

C.  **TYPICALITY:** PLAINTIFFS HAVE FAILED TO SHOW THAT THE CLAIMS OR DEFENSES OF THE NAMED PARTIES ARE TYPICAL OF THE CLASS

Typicality is met when the named plaintiff's claims and each class member's claims, " arise from the same course of events and each class member makes similar

9

legal arguments to prove defendant's liability." *Vengurlekar v. Silverline Technologies, Ltd.,* 220 F.R.D. 222, 227 (S.D.N.Y. 2003). "[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2d Cir. 1990).

The named plaintiff, Andreas Pefanis, amended his complaint to add a claim for illegal deductions allegedly taken by defendant from his salary. (Amended Complaint, para. 54-57). The opt-in plaintiff, Salvador Peralta, does not, in his affidavit in support of plaintiffs' motion, allege improper deductions.

Although the original complaint was brought as a class action, Pefanis was sufficiently concerned about adding his claim for improper deductions that he chose to file an amended complaint. There is no indication from Mr. Pefanis, however, that other employees were similarly subjected to deductions from their pay.

Plaintiffs cannot show that their claims are typical of any of the putative class members. Named Plaintiff Pefanis would be subject to personal defenses and the litigation would focus on those defenses available to defendants. In *Diaz v. Elecs. Boutique of Am, Inc.,,* 2005 U.S. Dist. LEXIS 30382, at *16-17 (W.D.N.Y. Oct. 17, 2005)*,* the court found that the plaintiff's claims were not typical since the plaintiff's experiences was insufficient to find that other employees were treated the same way. Similarly, Pefanis not only has no actual knowledge of how other employees were treated, but he does not even contend that other employees had illegal deductions taken from their salary.

## II. PLAINTIFFS HAVE NOT SUSTAINED THEIR BURDEN UNDER FED. R. CIV. PRO. RULE 23(b)(3)

Plaintiffs seek to have this class certified under rule 23(b)(3), which looks at whether a putative class is "sufficiently cohesive to warrant adjudication by

representation." *Amchem Prods., Inc., supra,* 521 U.S. at 623, 117 S. Ct. at 2249. To qualify for certification under Rule 23(b)(3), common questions must 'predominate over any questions affecting only individual members; and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at 615, 117 S. Ct. at 2246-47 (quoting Fed R. Civ. P. 23(b)(3)). To meet the predominance requirement, "a plaintiff must show that those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized proof." *Heerwagen v. Clear Channel Communications*, 435 F.3d 219, 226 (2d Cir. 2006). Plaintiff's burden of proof on predominance is much more demanding than that of proving commonality under 23(a). The Court must deny certification where individual issues of fact predominate. *Benner v. Becton Dickinson and Co.,* 214 F.R.D. 157, 168 (S.D.N.Y. 2003).

As discussed above, individualized proof outweighs generalized proof in this case. The putative class would consist of employees who receive tips, such at Pefanis, as well as non-tipped employees, such as Peralta. In 2007, the minimum wage for tipped employees was $4.60 per hour, while the minimum wage for non-tipped employees was $7.15 per hour. Part 137 of Title 12 of New York State Official Compilation of Codes, Rules and Regulations 137-1.2 and 1.5. Further the class would consist of employees who were subjected to illegal deductions, although there is no proof that anyone besides Pefanis had such a claim.

Finally, plaintiffs' claim for spread of hours pay presents additional problems. An employee is only entitled to an extra hour pay for each day his start time and end time exceed ten hours if his weekly compensation, including compensation for the additional hour, is less than the New York minimum wage. Thus, only employees earning at or close to the minimum wage are entitled to this additional payment. *Seenaraine v. Securitas Security Services* USA, Inc., 37 A.D.3d 700 (2d Dept 2007), *lv. app. den.*, 9

11

N.Y.3d 813 (2007); *Almeida v. Aguinaga*, 500 F. Supp.2d 366, 369-370 (S.D.N.Y. 2007). This claim will require an individualized inquiry into the salary of each employee, and the daily, as well as weekly hours worked.

As individualized inquiries would be central to this case, the class action would be extremely difficult to manage. To have a class action, plaintiffs must show that their situations extended beyond their own circumstances. This would require inquiry into every one of defendants' employees, more specifically into each employee. If it is found that any other employee allegedly was susceptible to the same circumstances as plaintiffs, an inquiry would need to be made as to the amount of overtime that employee worked. Thereafter, inquiries would need to be made as to the status of each employee, whether as tipped, or not. For these reasons, a multitude of problems are likely to arise should this Court grant certification.

## **CONCLUSION**

Based on the foregoing, plaintiffs' motion to proceed with this action as a class action should be denied. If the Court, however, does authorized notice, the court should order the parties to confer on the proper wording of the notice to rectify the following defects in the proposed notice: (1) If excluded, you give up any settlement or trial award in the plaintiff's law suit only; (2) the proposed notice must included the following language: "upon joining the lawsuit, you will be obligated to participate in the litigation process, which will include producing documents from your personal records and submitting to a deposition."

Dated:  May 26, 2009
       Forest Hills, New York

Respectfully submitted,
MITCHELL & INCANTALUPO

           /S/
By: Arthur H. Forman (AF-9646)
    98-20 Metropolitan Avenue
    Forest Hills, NY 11375
    (718) 268-2616

*Attorneys for Defendant*