UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDREAS PEFANIS, on behalf of himself and
others similarly situated,                                                   08 CV 002 (DLC)

                Plaintiff,

          -against-

WESTWAY DINER, INC.,

                Defendant.
------------------------------------------------------------X


### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DECERTIFY THE RULE 23 CLASS AND THE FLSA COLLECTIVE ACTION AND FOR PARTIAL SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

       Plaintiff, Andreas Pefanis ("Pefanis") commenced this action against his former employer, Westway Diner, Inc. ("Westway"), alleging that Westway violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law by willfully failing to pay him overtime wages (First Amended Complaint ¶¶29-34)[1] and by failing to pay him federal minimum wages and New York minimum wages for the hours he worked at Westway (*Id.* ¶¶29-34). He further alleges that Westway took illegal deductions from his salary (*Id.*, ¶¶54-57). Finally, Pefanis alleges Westway violated the "spread of hours" provision of the New York Labor Law, which requires employers to pay an extra hour of pay at minimum wage if the time they work in one day is spread

---

[1]  Copy annexed to the Supporting Affirmation of Defendant's Attorney as Exhibit "A".

over ten hours or more in one day, even if they are not scheduled to work during the entire ten hours (Id. ¶¶49-53).

Previously, by order dated October 8, 2008, this Court granted conditional certification of the FLSA claims as a collective action. *Pefanis v. Westway Diner, Inc.*, 2008 U.S. Dist. LEXIS 81082.  Thereafter, one claimant, Salvador Peralta, filed a consent to join. (Supporting Affirmation, Exh. "B").

Thereafter, on August 7, 2009, the Court issued an order granting certification of the case as a Rule 23 class action.[2]  The Court found that the plaintiff had satisfied each of the requirements under Rule 23(a) and (b)(3) to justify certification of the class. (Supporting Affirmation, Exh. "C", p.3).

I.      **Defendant's Motion to Decertify the FLSA Collective Action**

Defendant first moves for an order decertifying Plaintiffs' collective action under the FLSA, and dismissing all putative Plaintiffs' FLSA claims without prejudice to the filing of individual FLSA actions.  Section 216(b) of the FLSA, 29 U.S.C. § 216 (b), allows similarly situated employees to consent in writing to join an action for minimum wages and overtime pay.  In the instant case, only one employee, Salvador Peralta, signed and returned an opt in form consenting to become a party plaintiff to the action.

After a collective action under the FLSA has been certified, "[t]"he second phase of an FLSA collective action inquiry occurs after discovery is largely complete and is 'typically precipitated by a motion for 'decertification' by the defendant.' " *Scott v. Aetna Services, Inc.,* 210 F.R.D. 261, 264 (D.Conn. 2002) (quoting *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1214 (5th Cir. 1995).  At this stage, the Court makes a factual finding

---

[2] Copy annexed to the Supporting Affirmation as Exhibit "C".

on the "similarly situated" issue, based on the record produced through discovery.  If the court finds that the claimants are similarly situated, the collective action may proceed to trial.  If the claimants are not similarly situated, the court decertified the class, and the claims of the opt-in plaintiffs are dismissed without prejudice.  The class representatives then proceed to trial on their individual claims.  Id.; *Scholtisek v. Eldre Corp.,* 229 F.R.D. 381, 387 (W.D.N.Y., 2005).

Pursuant to Section 6(a) of the FLSA, 29 U.S.C. §255, the statute of limitations for monetary violations of the FLSA is three years for willful violations.  The opt in notice of Salvador Peralta was filed on December 31, 2008.  Therefore, the relevant time period for his claims are January 1, 2005 through his last day of work, which was April 14, 2008. (Peralta Transcript, p. 20).[3]  During the relevant time period, Peralta worked as a prep cook at Westway. (*Id.* p. 22).  He prepared tuna salad, coleslaw, cleaned the area where he worked, and cut and prepared the meat for the cook. (*Id.* p. 31-32).  He worked in the basement, alone except for the baker, and at one point, an assistant. (*Id.* p. 34-35).  He always worked the same schedule, six days per week, ten hours per day, for a total of sixty hours each week. (*Id.* p. 31).  Since approximately 2005, he was paid a weekly salary of $450.00, except for his last month of work, when he was paid $470.00 per week. (*Id.* p. 23-24).

The claims of the named plaintiff Andreas Pefanis go beyond merely alleging that he was not paid overtime. Pefanis alleges in his complaint that he was not paid minimum wage. (Amended Complaint, ¶¶29-34).  He also alleges that deductions were taken from his salary. (*Id*., ¶¶54-57).  Finally he alleges he is owed spread of hours pay for each day he worked more than ten hours. (*Id.* ¶¶49-53).

---

[3] The transcript is Exhibit "D" to the supporting affidavit.

Peralta, however, was clearly paid minimum wage.  Even without arguing whether he was given a meal break, he testified that he was paid $450.00 for a 60 hour work week, which would mean he was paid an hourly rate of $7.50.  The minimum wage was less than that, having been increase only to $7.25 in July 2009.

In addition, Pefanis makes no claim that deductions were ever taken from his salary. He is very clear that he would be paid partly by check, and partly by cash, but nevertheless the amount in his hand always added up to $450.00. (*Id.* p. 29-30).   He further testified that he always worked a ten hour shift.  Therefore, he would not be entitled to spread of hours pay, which is only applicable to employees whose shift exceeds ten hours.  *See* 12 NYCRR §137-1.7.

## II.        Defendant's Motion to Decertify the Rule 23 Class Action

Pursuant to Rule 23 (c) (1) (C), "[a]n order that grants or denies class certification may be altered or amended before final judgment."  A trial judge retains the ability to modify a class certification order in light of subsequent developments in the litigation. *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982).  *See Wu v. MAMSI Life & Health Ins. Co.,*  256 F.R.D. 158 at 162 (D.Md. 2008) (A federal district court possesses the same broad discretion in determining whether to modify or even decertify a class as it does in deciding whether to grant class certification).  Therefore, a district court that has certified a class under Rule 23 can revoke class certification at any time before final judgment is entered should a change in circumstances render a class action no longer appropriate. *Cordes & Co. Financial Services, Inc. v.  A.G. Edwards &*

*Sons, Inc.,* 502 F.3d 91, 104 n. 9 (2d Cir. 2007).   "[U]nder Rule 23 (c) (1), courts are required to reassess their class rulings as the case develops." *Boucher v. Syracuse Univ.,* 164 F.3d 113, 118 (2d Cir. 1999).

Like the initial decision whether to certify a class, the question of whether to decertify a class lies is committed to the discretion of the district court.  "In considering the appropriateness of decertification, the standard of review is the same as a motion for class certification; whether the Rule 23 requirements are met. " *Marlo v. United Parcel Service, Inc*, 251 F.R.D. 476, 479 (C.D. Cal. 2008); See also *East Maine Baptist Church v. Union Planters Bank, N.A., 244 F.R.D. 538,* 541 (E.D.Mo. 2007) ("In considering a defendant's motion for decertification, the Court follows the legal standard required for class certification. . . and focuses its inquiry as to whether or not the requirements of Rule 23 have been met").

"[T]he four prerequisites of Rule 23 (a) [are]: numerosity, commonality, typicality, and adequacy of representation." *Marisol A. v. Giuliani*, 126 F.3d 372, 375 (2d Cir. 1997).  In addition, "the party seeking certification must qualify under one of three criteria set forth in Rule 23 (b)." *Id*. at 376; *Comer v. Cisneros*, 37 F.3d 775, 796 (2d Cir. 1994).

In the instant case at bar, the Court found in its August 7, 2009 Order that plaintiffs had met the certification requirements of Rule 23 (b) (3), which provides for certification when (1) questions of law or fact common to the class members predominate over any questions affecting only individual members, and (2) a class action would be superior to other available methods for the fair and efficient adjudication of the controversy.

Decertification is warranted because individual issues predominate over class wide issues, so that this action does not satisfy the requirement of Rule 23 (b)(3) that "questions of law or fact common to class members predominate over any questions affecting only individual members…"   Subsequent to the order certifying the class, defendant deposed the opt in plaintiff, Salvador Peralta.  As argued above, his claims are distinctly different than those of the named plaintiff, Andreas Pefanis.  Similarly, it can be assumed that the claims of Pefanis and Peralta will be different than those of other class members.  If the court does not decertify the class, defendants will need to raise individual defenses as to each class member's claims, resulting in numerous mini-trials.  Such a necessity generally counsels against class certification.   *See, Moore v. PaineWebber, Inc.,* 306 F.3d 1247, 1253 (2nd Cir. 2002).

### III.    Defendant's Motion for Partial Summary Judgment

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.P. 56( c ).  The moving party bears the burden of establishing the absence of any genuine dispute as to a material fact. *Adickes v. S.H Kress & Co.*, 398 U.S. 144, 157 (1970).  In determining whether there is a genuine issue of material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 25 (1986).  On a motion for summary judgment, the facts are to be viewed in the light most favorable to the party

opposing the motion. *American Casualty Co. of Reading, v. Nordic Leasing, Inc.*, 42 F. 3d 725, 728 (2d Cir. 1994).

In the case at bar, 15 class members have returned executed opt out notices to plaintiffs attorneys.[4]  Rule 23(b) protects the rights of class members who want individualized evaluation of their claim for money damages by requiring notice and the opportunity to opt out. *Thorn v. Jefferson-Pilot Life Ins. Co.,* 445 F.3d 311, 330 (4th cir. 2006).  One of the primary purposes of Rule 23(b) is to afford an opportunity for class members to litigate their own claims. *Sarsota Oil Co. v. Greyhound Leasing and Financial Corp., 483 F.2d 450, 452 (10th Cir. 1973).*  Accordingly, the 15 opt out plaintiffs should be excluded from plaintiffs' action, and the class should be redefined to so exclude employees opting out of the class.

In addition, in its response to defendant's second set of discovery demands, plaintiffs' counsel reported that two class members, Hilario Cardoso and Sergio Latenche, were not notified of the class action lawsuit.  Their notices were returned by the post office as undeliverable.  (Supporting Affidavit, Exh. "F", p. 5, Response to Interrogatory 2).  As a result, these two class members should be excluded from the action.

A class member's individual suit will not be barred by res judicata if notice of the prior judgment in the class action is inadequate.  *Pension v. Terminal Transport Co.,Inc.*, 634 F.2d 989, 995 (5th Cir. 1981).  Due process requires at a minimum that class members be given notice of the action and afforded an opportunity to exclude themselves. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812, 105 S.Ct. 2965 (1985)  In a Rule 23(b)(3) action, notice must be sent to absent class members to give

---

[4] Copies attached to Defendant's Supporting Affirmation as Exhibit "E".

them the opportunity to opt out. *Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 174 (1974). Not having received notice, due process would be violated if the two class members were not excluded from the class.

<u>Conclusion</u>

For the foregoing reasons, defendant respectfully requests that this Court issue an Order decertifying the FLSA collective action without prejudice to the filing of individual FLSA actions, decertifying the Rule 23 class action, or in the alternative, excluding from plaintiffs' action the 15 opt out members and redefining the class to so exclude those employees opting out of the class, as well as those employees who have not received notice of the class action.

Dated:  April 30, 2010
      Forest Hills, New York          MITCHELL & INCANTALUPO

                                       By:_____/S/_____
                                         Arthur H. Forman (9646)
                                         98-20 Metropolitan Avenue
                                         Forest Hills, New York 11375
                                         Tel: 718-997-1000

                                         *Attorneys for Defendant*

To:    Denise A. Schulman, Esq.
          Joseph, Herzfeld, Hester
          757 Third Avenue, 25th Floor
          New York, NY 10017

          *Attorneys for Plaintiffs*