```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    ANDREAS PEFANIS, on behalf of
      himself and others similarly
 4    situated,

 5                 Plaintiff,

 6         v.                                    08 CV 002 (DLC)

 7    WESTWAY DINER, INC.,

 8                 Defendant.

 9    ------------------------------x
                                                 New York, N.Y.
10                                               August 7, 2009
                                                 2:08 p.m.
11
      Before:
12
                         HON. DENISE COTE,
13
                                                 District Judge
14
                      APPEARANCES (via teleconference)
15
      JOSEPH & HERZFELD LLP
16         Attorneys for Plaintiff
      BY:  MAIMON KIRSCHENBAUM, ESQ.
17
      ARTHUR HARVEY FORMAN, ESQ.
18         Attorney for Defendant
```

    (In chambers)

    THE COURT: Good afternoon, counsel.

    MR. KIRSCHENBAUM: Good afternoon, your Honor.

    MR. FORMAN: Your Honor, Arthur Forman for the defendant.

    THE COURT: And we have Mr. Kirschenbaum for the plaintiff?

    MR. KIRSCHENBAUM: Yes, your Honor.

    THE COURT: I have you on the speakerphone because I have my law clerk with me and a court reporter. So before you speak, I'm going to ask you to identify yourselves so that the record is clear, and also please be careful not to interrupt each other, because it's difficult on a conference call to keep the record clear when two people are speaking at the same time.

    I wanted to speak to you this afternoon to give you a ruling on the class certification motion and to set a schedule for this case going forward, particularly with respect to the submission of a notice. And let me describe the principles of law I'm going to be applying in ruling on this motion.

    We have here a motion to certify the class on the state law labor law claims, and it was fully submitted on June 9th. And the principles governing a determination of this motion are well known, and the parties are in agreement as to what they are, I believe. In essence, I have to be persuaded, based on all the relevant facts and the applicable legal

1   standard, that the plaintiff has shown, through evidence, that
2   it has satisfied each of the requirements under Rule 23(a)
3   and (b)(3) in this case to justify certification of the class.
4        We have a class that is seeking certification of
5   various labor law claims, failure to pay the minimum wage,
6   failure to pay overtime, what is referred to as a spread of
7   hours pay claim and also an illegal deduction claim. The
8   plaintiff worked at the defendant for roughly a year, from
9   November 2006 to November 2007, and besides offering his own
10  evidence, I also have evidence from one other former employee,
11  a Mr. Peralta, P-E-R-A-L-T-A, who asserts that he was not paid
12  overtime for his period of employment with the defendant.
13       I have also reviewed the deposition transcript, at
14  least those excerpts that were provided to me, from a
15  Mr. Dafnos, D-A-F-N-O-S, who was responsible for preparing the
16  time sheets that were submitted to the defendant's accountant
17  for preparation of the wage and hour reports. And that
18  evidence altogether shows that the defendant kept no
19  contemporaneous time records at all. Instead, it was the
20  uniform practice for all of the employees that Mr. Dafnos would
21  once a week fill out a piece of paper in which he would write
22  how many hours an individual had worked that week. And he had
23  basically two sources of information. He had the weekly
24  schedule of the hours they were supposed to have worked that
25  week and his own memory, as refreshed by conversations with

other people in management. He admitted he wasn't always there. He relied on what people told him. There were no daily records. There were no records at all of when people came or went. And so once a week he created a record.

He had, among other things, never heard about his obligations or the employer's obligations in certain respects. For instance, he'd never heard of the concept about spread of hours pay, even when it was explained to him, not using the term itself but with an explanation of what the term encompasses. So we have an evidentiary showing and opposition by the defendant with respect to certain features of the showing.

In the first instance, the defendant contends that class certification should not be granted because the plaintiff has failed to show that joinder would not be adequate in this case or sufficient. Under Rule 23(a), I have to find that the numerosity of the putative class makes joinder of all class members impracticable. It doesn't have to be impossible, but the difficulty or inconvenience of joining all members of the class must make use of the class action appropriate, and numerosity is presumed when a class consists of 40 members. And here, it's undisputed that, given the time period that's involved and the size of the workforce, that the plaintiff has shown that over 50 members potentially belonged to this class, and I accept that as a sufficient showing of numerosity. That

1    makes joinder really not a practical solution in this case.
2         Turning to the next issue, whether there's a common
3    question of law or of fact, I also find that the plaintiff has
4    satisfied this showing.  Of course, as we know, even a single
5    common legal or factual question will suffice to meet this
6    requirement, and here, the plaintiff has satisfied me that
7    there are numerous common questions of law and of fact.  With
8    respect to the legal issues, the existence of the violations
9    themselves and each of the elements of the asserted violations
10   are common issues of law for the class.
11        In terms of the common factual issues of the class, we
12   have a single process, as described by Mr. Dafnos, that was
13   utilized to determine the time each employee worked for the
14   entire week, and that will be a single factual issue as to
15   whether or not that process was reliable or sufficient.
16        The next issue is the requirement that the claims of
17   the members of the proposed class must be typical, in the sense
18   that they arise from the same course of events and that each
19   class member will, in all likelihood, be making similar legal
20   arguments to prove the defendant's liability.  And for the
21   reasons I've already described here, that is met when analyzed
22   in terms of legal arguments and factually with respect to how
23   the time records were maintained or determined in this case.
24        The defendant makes an argument that with respect to
25   one of the claims, that is, the issue of whether or not there

were improper deductions, that that's an issue that only applies to the named plaintiff and not to the rest of the putative class members. First of all, I don't think that is the plaintiff's theory, as asserted in the complaint. But beyond that, given the description by Mr. Dafnos of how he determined wages and hours in this case, essentially, I expect that there will be one process that applied to all putative class members for imposing deductions or applying deductions from their pay.

With respect to adequacy of representation, plaintiff's counsel has shown that he is sufficiently qualified, experienced and able to conduct this litigation. And I don't find that there's been any significant question raised as to whether the plaintiff's interests are antagonistic to the interests of the other class members, and therefore, that requirement has also been shown as met.

Turning to the predominance inquiry, which is often the most important component of this analysis, I have to decide if the issues in the class action that are subject to generalized proof and, thus, applicable to the class as a whole or will not predominate over those issues that are subject only to individualized proof, and in this connection the defendant makes a couple of arguments. Again, he reiterates the issue of the illegal deductions and whether that's going to apply to a single personal loan, that is, the named plaintiff. He points

1    to issues of damages which will require each class member's
2    damages to be separately calculated and shown. And he makes a
3    more general observation that the employees at the defendant
4    fell into two categories, that is, the tipped employees and the
5    nontipped employees.
6         And with respect to that last issue, I think it's
7    premature for me to decide if subclasses were necessary.
8    Perhaps, if a settlement were reached, I'd have to reach that
9    issue, or when it comes time for damages, we'd have to look at
10   that again, but I'm satisfied that, as of now, when we're
11   primarily focused on discovery and proof of liability, that a
12   single class will be sufficient. And essentially, for the
13   reasons I've already covered, I do find that the common issues
14   will predominate, the issues of liability and the issues of
15   proof to get us there.
16        It appears, again, that there was a common system to
17   determine weekly pay that applied to all individual employees,
18   that no records were kept to give us the contemporaneous time
19   or record of employment day in and day out, and I think the
20   individual issues primarily concerning damages do not defeat --
21   resort to the class action mechanism here. This is a case in
22   which it typically would be appropriate, and is not unusual to
23   find that a class should be certified.
24        I think that leaves us with the final issue, which is
25   superiority of the class action, particularly with respect to

1   the (b)(3) requirements, and I'm confident that in this case
2   this is the superior way to proceed for the reasons outlined in
3   Rule 23(b). And no question has been made with respect to any
4   of those particular components of the analysis.
5           Finally, the defendant argues that the notice that the
6   plaintiff, Mr. Kirschenbaum, has submitted is deficient in
7   various ways, and what I'd like to do is to ask counsel to
8   confer and get me a revised proposed notice or objections, if
9   there isn't agreement, in a week. Is that agreeable,
10  Mr. Kirschenbaum?
11          MR. KIRSCHENBAUM:  Oh, that's fine with me, your
12  Honor.
13          THE COURT:  Is that agreeable, Mr. Forman?
14          MR. FORMAN:  Yes.  That will be fine.
15          THE COURT:  Okay.  Good.  And then, with respect to
16  the litigation as a whole, I know that the discovery has been
17  ongoing because of the underlying claims here, and now we know
18  that we'll be sending out a notice certifying this class and
19  that will include -- am I correct, Mr. Kirschenbaum? -- a
20  period for the putative class members to opt out?
21          MR. KIRSCHENBAUM:  Yes, your Honor.
22          THE COURT:  So I would ask you, Mr. Kirschenbaum, to
23  give me a letter with a submission next Friday that has a
24  proposal of dates for publication and the opt-out period and --
25          MR. KIRSCHENBAUM:  I'm sorry, your Honor.  A proposal

1    of dates for publication of?

2             THE COURT:  Of the class action notice.

3             MR. KIRSCHENBAUM:  Okay.

4             THE COURT:  And for the opt-out period.

5             MR. KIRSCHENBAUM:  Okay.

6             THE COURT:  You know, the dates that you would like to
7    be included in the notice.

8             MR. KIRSCHENBAUM:  Okay.

9             THE COURT:  Good.  And, counsel, where do we stand on
10   the status of discovery?

11            MR. KIRSCHENBAUM:  This is Mr. Kirschenbaum.  I'm
12   assuming that now that the class is certified, there might be a
13   need for a little bit of a broader discovery pertaining to the
14   class as a whole?

15            THE COURT:  Well, why don't you meet and confer,
16   counsel, and address that issue with hopefully a joint proposal
17   for the remainder of the litigation in this case --

18            MR. KIRSCHENBAUM:  Okay.

19            THE COURT:  -- in next Friday's letter.  Is that
20   agreeable?

21            MR. KIRSCHENBAUM:  That's okay here.

22            MR. FORMAN:  Yes.  That's fine for the defendant.

23            THE COURT:  Okay.  Good.  Thank you very much,
24   counsel.

25            MR. KIRSCHENBAUM:  Your Honor, should we submit a

1  proposed order?

2       THE COURT: That would be good.

3       MR. KIRSCHENBAUM: Okay.

4       MR. FORMAN: Can I order the transcript for defendant?

5       THE COURT: Yes. Well, I'll permit you to contact the

6  court reporters office and do that.

7       MR. FORMAN: Thank you.

8       MR. KIRSCHENBAUM: I'll submit the proposed order

9  together with my letter on Friday. Is that okay?

10      THE COURT: Yes, Mr. Kirschenbaum.

11      MR. KIRSCHENBAUM: Okay. Thank you, your Honor.

12      THE COURT: Thank you.

13                              o0o

14

15

16

17

18

19

20

21

22

23

24

25