UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDREAS PEFANIS on behalf of
themselves and others similarly situated,


          Plaintiff,

                                **INDEX NO: 08 Civ. 002 (DC)**

      v.                          **PLAINTIFF'S RESPONSES AND**
                                        **OBJECTIONS TO DEFENDANT'S**
WESTWAY DINER, INC.               **SECOND COMBINED SET OF**
                                        **INTERROGATORIES AND**
                                        **REQUEST FOR PRODUCTION**
          Defendant.            **OF DOCUMENTS**
--------------------------------------------------------x


Pursuant to the Federal Rules of Civil Procedure, Plaintiff Andreas Pefanis, by and through his undersigned attorneys, hereby submits responses and objections to Defendant's Second Combined Set of Interrogatories and Request for the Production of Documents.

## GENERAL OBJECTIONS

The following General Objections are incorporated into each Specific Objection and Response below as if set forth in full responses to each individually numbered response. The failure to specifically incorporate a General Objection shall not be construed as a waiver of the same.

1. Plaintiff objects to each and every Request/Interrogatory herein to the extent that it seeks information or documents protected by any privilege or protection from discovery, including but not limited to the attorney-client privilege and the work-product doctrine. The inadvertent production of any material protected by the attorney-client privilege, the work-product doctrine or any other applicable privilege, immunity or protection from

disclosure is not intended and should not be construed to constitute a waiver.  Plaintiff reserves the right to assert all applicable privileges and protections from production.

2. Plaintiff objects to each and every Request/Interrogatory to the extent that they seek to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure and/or the Local Rules for the Southern District of New York.

3. Plaintiff objects to each and every Request/Interrogatory to the extent that the definitions, instructions, or specific requests are vague, ambiguous, overly broad, and/or unduly burdensome.

4. Plaintiff objects to each and every Request/Interrogatory to the extent that it seeks information that is a matter of public record or equally available to Defendant.

5. Plaintiff objects to each and every Request/Interrogatory to the extent that it calls for an expert opinion on the ground that it violates the work-product doctrine.

6. Plaintiff objects to each and every Request/Interrogatory to the extent that it seeks Plaintiff's confidential and proprietary information, the disclosure of which will or may cause harm to Plaintiff.

7. Plaintiff objects to each and every Request/Interrogatory as overly broad, unduly burdensome, and oppressive, insofar as it seeks information which is in the custody, possession, or control of Defendant or its agents, or is equally available to the public.

8. Plaintiff objects to each and every Request/Interrogatory to the extent that it is overly broad, unduly burdensome, and oppressive, where the Interrogatory requests the identification of "all" documents when all relevant facts can be obtained from fewer than "all documents."

9.  Plaintiff objects to each and every Request/Interrogatory to the extent that it is overly broad and unduly burdensome by requesting documents that are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

10. Plaintiff objects to each and every Request/Interrogatory to the extent that it is vague or ambiguous.

11. Plaintiff objects to each and every Request/Interrogatory to the extent that it is overly broad, unduly burdensome, or oppressive.

12. Plaintiff objects to each and every Request/Interrogatory to the extent that it requires Plaintiff to produce documents not within Plaintiff's possession, custody, or control. Unless otherwise specified, Plaintiff will not produce any documents in the possession, custody, and control of any third party, including any agent or outside attorney of Plaintiff.

13. Plaintiff objects to each and every Request/Interrogatory to the extent that it seeks information without any limitation to the time period relevant to this action.

14. In making these objections, Plaintiff does not in any way waive, or intend to waive, but rather intend to preserve and are preserving:

   a.  All objections as to competency, relevancy, materiality, and admissibility of any information that may be provided in response to the Request/Interrogatory, or the subject matter thereof;

   b.  All rights to object on any ground to the use of any information that may be provided in response to the Request/Interrogatory, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other matter; and

      c.  All rights to object on any ground to any request for further responses to the Interrogatory or any other document request.

15. Plaintiff's objections herein and the production of any documents by Plaintiff pursuant to a Request/Interrogatory are not intended to waive or prejudice any objections or privileges Plaintiff may later assert, without limitation.

16. Plaintiff reserves the right to supplement, amend, correct, or clarify the responses and objections to each and every Request/Interrogatory.

In addition to the General Objections set forth above, Plaintiff sets forth below Specific Objections to individual requests where appropriate, including objections that are not generally applicable to all of the requests. By setting forth such Specific Objections, Plaintiff does not intend to limit the General Objections set forth above. To the extent that Plaintiff responds to requests to which he objects, such objections are not waived by a response.

The information provided herein is based upon, and is therefore limited by, the records and information in existence, presently collected and thus far discovered in the course of the preparation of these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request/Interrogatory 1:** Identify each and every person whose class action opt-out form was received by plaintiffs' counsel.

**Response 1:** Plaintiff objects to this Request/Interrogatory on the grounds that it is vague and ambiguous in that it does not specify whether it refers to (1) the original class action opt-out form or the corrective opt-out form or (2) signed or unsigned forms.

Subject to and without waiving any General Objection or Specific Objection, Defendant is directed to the documents produced in response to Request/Interrogatory No. 3 of these Requests.

**Request/Interrogatory 2:** Identify each and every person whose unsigned class action opt-out form was returned to plaintiffs' counsel by the U.S. Postal Service as undeliverable.

**Response 2:** Plaintiff objects to this Request/Interrogatory on the grounds that it is vague and ambiguous in that it does not specify whether it refers to the original class action opt-out form or the corrective opt-out form.

Subject to and without waiving any General Objection or Specific Objection, Plaintiff responds as follows.

For the mailing of the original class action notice/opt-out form: Valetin Arellano, Hilario Cardoso, Mario Clapeno/Atiopan, Victor Flores, Salah Hamad, Beth Kafka, Mart Kardys, Christos Katehis, Sergio Latence, Stylianos Loparnos, Americo Mazariogo, Jose Olivares, Petrona Puerto, Antonio Rojas, Savas Sava, Felipe Talavera, Grazyna Tkac, Jorge Torrez.

For the mailing of the corrective class action notice/opt-out form: Hilario Cardoso and Sergio Latenche.

**Request/Interrogatory 3:** Produce copies of all signed class action opt-out forms which were returned to plaintiffs' counsel.

**Response 3:** Plaintiff objects to this Request/Interrogatory on the grounds that it is vague and ambiguous in that it does not specify whether it refers to the original class action opt-out form or the corrective opt-out form.

Subject to and without waiving any General Objection or Specific Objection, Defendant is directed to the documents bearing Bates numbers West P0001-0037.

5

Dated: New York, New York
      March 23, 2010

By: _____
     Denise A. Schulman (DS-8066)
     D. Maimon Kirschenbaum (DK-2448)
     JOSEPH, HERZFELD, HESTER &
     KIRSCHENBAUM LLP
     757 Third Avenue
     25th Floor
     New York, NY 10017
     Tel: (212) 688-5640

*Attorneys for Plaintiff, collective members, and the class*

6

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 23, 2010, a copy of the foregoing was sent via first-class mail, postage prepaid, to:

Arthur H. Forman, Esq.
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616
Fax: (718) 575-1600

*Attorneys for Defendant*

Denise A. Schulman