UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANDREAS PEFANIS on behalf of
themselves and others similarly situated,

              Plaintiff,

INDEX NO: 08 CIV. 002(DC)

v.

WESTWAY DINER, INC.

              Defendants.
---------------------------------------------------------x

## DECLARATION OF DENISE A. SCHULMAN

I, Denise A. Schulman, under penalty of perjury, affirm as follows:

1. I am an associate with Joseph, Herzfeld, Hester & Kirschenbaum LLP, class counsel in the above-referenced matter.

2. My firm sent Court-approved notice of the pendency of this collective action to all potential collective members identified by Defendant by first class mail to their last known addresses as provided by Defendant.

3. In response to this mailing, one person, Salvador Peralta, opted in to the FLSA claims in this lawsuit.

4. On or around October 28, 2009, my firm sent Court-approved notice of the pendency of this class action lawsuit to all class members identified by Defendant by first class mail to their last known addresses as provided by Defendant. The notice stated that class members who wanted to exclude themselves from the class had to submit exclusion

1

request forms to my firm by December 17, 2009. The notices that were sent to Sergio Reyes Latenche and Hilario Cardoso were returned to us as undeliverable.

5. In response to this mailing, 22 of Westway's then-current employees, including Sergio Reyes Latenche and Hilario Cardoso, submitted exclusion request forms to Petros Dafnos. These exclusion request forms were submitted to my firm by Defendant's counsel.

6. On December 29, 2009, the Court invalidated the exclusion request forms. The Court subsequently approved a corrective notice to be sent to class members whose exclusion request forms it had invalidated. The corrective notice advised these class members that their exclusion request forms had been invalidated and that if they wished to exclude themselves from the class the had to submit a new exclusion request form directly to my firm by March 8, 2010.

7. On or around January 21, 2010, my firm sent the corrective notice by first class mail to the 22 class members who had previously submitted exclusion request forms at their last known addresses as maintained by Defendant. Prior to this mailing, Defendant's attorney provided me with an updated address for Hilario Cardoso, to which we sent the corrective notice.

8. The corrective notices sent to Sergio Reyes Latenche and Hilario Cardoso were returned to my firm as undeliverable.

9. Attached hereto as Exhibit 1 are true and correct copies of excerpts of the June 12, 2008 deposition of Petros K. Dafnos, Defendant's general manager, taken pursuant to Fed. R. Civ. P. 30(b)(6) in connection with this litigation.

10. Attached hereto as Exhibit 2 are true and correct copies of excerpts of the February 19, 2010 deposition of Petros K. Dafnos taken in connection with this litigation.

11. Attached hereto as Exhibit 3 are true and correct copies of excerpts of the May 7, 2008 deposition of Plaintiff Andreas Pefanis taken in connection with this litigation.

12. Attached hereto as Exhibit 4 are true and correct copies of excerpts of the March 18, 2010 deposition of opt-in Plaintiff Salvador Peralta taken in connection with this litigation.

13. Attached hereto as Exhibit 5 are true and correct copies of excerpts of the March 2, 2010 deposition of Spiridon Bernardis, an employee of Defendant, taken in connection with this litigation.

14. Attached hereto as Exhibit 6 are true and correct copies of excerpts of the March 4, 2010 deposition of Aurelio Guzman, an employee of Defendant, taken in connection with this litigation.

15. Attached hereto as Exhibit 7 are true and correct copies of the March 4, 2010 deposition of Alejandro Medina, an employee of Defendant, taken in connection with this litigation.

16. Attached hereto as Exhibit 8 are true and correct copies of the March 2, 2010 deposition of Mauro Prieto, an employee of Defendant, taken in connection with this litigation.

17. Attached hereto as Exhibit 9 are true and correct copies of payroll records produced by Defendant in this litigation.

18. Attached hereto as Exhibit 10 is a true and correct copy of the original Complaint in this action filed by Plaintiff on January 2, 2008, which bears Docket No. 1.

19. Attached hereto as Exhibit 11 is a true and correct copy of the Court's August 7, 2009 Order in this action, which bears Docket No. 41.

20. Attached hereto as Exhibit 12 are true and correct copies of the exclusion request forms purportedly signed by Sergio Reyes Latenche and Hilario Cardoso.

21. Attached hereto as Exhibit 13 is a true and correct copy of the Court-approved notice of pendency of this class action lawsuit referenced in ¶ 4 of this Declaration.

22. Attached hereto as Exhibit 14 is a true and correct copy of the transcript of the December 29, 2009 hearing held in this case.

Dated: May 21, 2010
      New York, New York

/s/ Denise A. Schulman
Denise A. Schulman