UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDREAS PEFANIS, on behalf of himself
and others similarly situated,
        Plaintiffs,                Index No. 08 Civ. 002 (DLC)

v.

WESTWAY DINER, INC.,

        Defendants.
------------------------------------------------------------x

## PLAINTIFF'S COUNTER STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1 IN OPPOSITION TO DEENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Andreas Pefanis, by his undersigned attorneys, submits this Counter Statement Pursuant to Local Civil Rule 56.1 in Opposition to Defendant's Motion for Summary Judgment. Plaintiffs respond to the assertions in Defendants' Rule 56.1 Statement without conceding that each and every one of the assertions is a statement of material fact.

### Plaintiffs' Responses to Defendants' Statement Pursuant to Local Civil Rule 56.1

1. Plaintiff admits the assertions in Paragraph 1.
2. Plaintiff admits the assertions in Paragraph 2.
3. Plaintiff admits the assertions in Paragraph 3.

### Plaintiffs' Counter Statement of Material Fact in Opposition to Defendant's Motion for Summary Judgment

4. After the Court certified the class in this action on August 7, 2009, class counsel sent Court-approved notice to all class members identified by Defendant, including Sergio Reyes Latenche and Hilario Carodos, by first class mail to their last known addresses as provided by Defendant. (Schulman Decl. ¶ 4.)

1

5. The notices that were sent to Mr. Latenche and Mr. Cardoso were returned to class counsel as undeliverable. (Schulman Decl. 4.)

6. 22 of Defendant's then-current employees, including Mr. Latenche and Mr. Cardoso, submitted exclusion request forms to Petros Dafnos, Defendant's general manager. (Schulman Ex. 12; Schulman Ex. 14, 4:23-5:13, 7:5-6.)

7. These exclusion request forms were delivered to class counsel by Defendant's counsel. (Schulman Decl. ¶ 5.)

8. The Court invalidated these exclusion request forms, finding that Westway employees believed "that they could curry favor with their boss by opting out of the class" and that the "opt out pattern [was not] reliable." (Schulman Ex. 14, 23:14-20.) *Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 002, 2009 U.S. Dist. LEXIS 121378 (Dec. 29, 2009).

9. Class counsel then sent Court-approved corrective notice to the class members who had opted out, including Mr. Latenche and Mr. Cardoso, and Defendant posted the corrective notice in Westway. (Schulman Decl. ¶ 7; Schulman Ex. 2, 90:12-91:4.)

10. Prior to this mailing, Defendant's counsel provided class counsel with an updated address for Mr. Cardoso, to which class counsel mailed the corrective notice. (Schulman Decl. ¶ 7.)

11. Mr. Latenche was still employed by Westway when the court-approved corrective notice was posted in Westway. (Schulman Ex. 2, 90:12-91:4, 91:18-23.)

12. Mr. Latenche's and Mr. Cardoso's corrective notices were returned to class counsel as undeliverable. (Schulman Decl. ¶ 8.)

Dated: May 21, 2010
    New York, New York

        By:   /s/ Denise A. Schulman
                Denise A. Schulman (DS-8066)
                D. Maimon Kirschenbaum (DK-2448)

                JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM
                757 Third Avenue
                25th Floor
                New York, NY 10017
                212-688-5640

                *Attorneys for Plaintiffs, collective members, and the class*