UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDREAS PEFANIS on behalf of
themselves and others similarly situated,

                       Plaintiff,                  INDEX NO: 08 CIV. 002(DC)

    v.

WESTWAY DINER, INC.

                       Defendants.
------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO AMEND THE COMPLAINT

D. Maimon Kirschenbaum (DK 2338)
Denise A. Schulman (DS 8066)
Joseph, Herzfeld, Hester & Kirschenbaum LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548
maimon@jhllp.com

*Attorneys for Plaintiff, collective members, and the class*

Plaintiff Andreas Pefanis ("Plaintiff") submits this memorandum in support of his motion to amend the complaint[1] to seek liquidated damages under New York law.

## I. BACKGROUND

On January 2, 2008, Plaintiff, who worked for Defendant Westway Diner, Inc. as a waiter, filed a collective and class action complaint in the District Court for the Southern District of New York, seeking to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and New York Labor Law. Plaintiff filed the First Amended Complaint on July 10, 2008, adding a claim for unlawful deductions from pay. This Court subsequently certified the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) and the New York Labor Law claims as a class action pursuant to Fed. R. Civ. P. 23. Defendant's motion for decertification and partial summary judgment is currently pending.

### A. Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co. & N.Y. C.P.L.R. § 901(b)

New York's Civil Practice Law and Rules sets forth the prerequisites for a New York class action. N.Y. C.P.L.R. § 901 ("§ 901"). § 901(b) specifies that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." Under the New York Labor Law, a plaintiff may recover liquidated damages equal to 25 percent of unpaid wages unless the employer proves a good faith basis to believe that the underpayment was in compliance with the law. N.Y. Lab. Law §§ 198(1-a), 663(1). As the sections for liquidated damages impose a

---

[1] Plaintiff submits with this memorandum the June 4, 2010 declaration of Denise A. Schulman ("Schulman Decl."), Exhibit 1 thereto ("Ex. 1"), which is a redlined copy of the proposed Second Amended Complaint, and Exhibit 2 thereto ("Ex. 2") which is a non-redlined copy of the proposed Second Amended Complaint.

penalty and do not specifically authorize the recovery of liquidated damages in a class action, New York courts found that plaintiffs could not maintain a wage and hour class action if they sought liquidated damages. *See, e.g. Krichman v. J. P. Morgan Chase & Co.*, No. 06-cv-15305, 2008 U.S. Dist. LEXIS 99481, at *4-5 (S.D.N.Y. Dec. 8, 2008); *Niemiec v. Ann Bendick Realty*, No. 04-CV-897, 2007 U.S. Dist. LEXIS 98840, at *7 n.2 (E.D.N.Y. Mar. 30, 2007) (*adopted by*, 2007 U.S. Dist. LEXIS 97531); *Krebs v. Canyon Club, Inc.*, 880 N.Y.S.2d 873, 2009 NY Slip Op 50291U, at *14 (N.Y. Sup. Ct. 2009). However, district courts have ruled that plaintiffs could properly seek Rule 23 class certification if they waived liquidated damages. *See, e.g. Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 202 (S.D.N.Y. 2006); *Niemiec*, 2007 U.S. Dist. LEXIS 98840, at *7-8 n.2. Accordingly, Plaintiff's Original Complaint and First Amended Complaint specified that liquidated damages would not be sought as relief on the New York class claims.

On March 31, 2010, the Supreme Court ruled that § 901(b) was in direct conflict with Fed. R. Civ. P. 23 ("Rule 23") and, as a result, Rule 23 (and not § 901(b)) must be applied in New York class actions brought in federal court. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, No. 08-1008, 2010 U.S. LEXIS 2929 (Mar. 31, 2010). The Court explained that § 901(b) sets forth "the procedural right to maintain a class action" and specifies that when certain relief is sought, a class action may not be maintained. *Id.* at *11, *16 n.4. On the other hand, "Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met." *Id.* at *23 (emphasis in original). **II.**

**ARGUMENT**

Pursuant to the *Shady Grove* decision, wage and hour plaintiffs may now maintain a Rule 23 class action brought under New York Labor Law and seek liquidated damages under the New

2

York Labor Law. Accordingly, Plaintiff moves to amend the complaint to specify that the class will seek to recover liquidated damages on their New York Labor Law claims.

Where, as here, a party seeks to amend a pleading after the deadline to do so set in a scheduling order, a court conducts a two-stage analysis. The court first determines, pursuant to Fed. R. Civ. P. 16(b), whether there is "good cause" to modify the scheduling order and permit an amended pleading.[2] *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000). If there is good cause, a court then decides under Fed. R. Civ. P. 15(a) whether to permit the amended pleading. *Lincoln v. Potter*, 418 F. Supp. 2d 443, 453-54 (S.D.N.Y. 2006).

### A.    There Is Good Cause To Modify The Scheduling Order And Permit The Amended Complaint

Under Fed. R. Civ. P. 16(b), "a finding of 'good cause' depends on the diligence of the moving party." *Parker*, 204 F.3d at 340. "Events occurring after the entry of a scheduling order which were reasonably unforeseeable may suffice to establish good cause." *Oxaal v. Internet Pictures Corp.*, No. 00 Civ. 1863, 2002 U.S. Dist. LEXIS 5178, at *3 (N.D.N.Y. Mar. 27, 2002). Thus, courts have found good cause for delay where a judicial decision underlying a proposed amendment was issued after the deadline to amend pleadings set by a scheduling order. *Id.* at *4-5; *see also Nycomed US Inc. v. Glenmark Generics Ltd.*, No. 08 Civ. 5023, 2010 U.S. Dist. LEXIS 29267, (E.D.N.Y. Mar. 26, 2010) (finding good cause where moving party did not learn of facts underlying the amended pleading until after the deadline to amend); *U.S. Fidelity & Guaranty Ins. Co. v. Jim's Elec. & General Contracting, Inc.*, No. 05 Civ. 0440A, 2010 U.S. Dist. LEXIS 32901, at *9, 10 (W.D.N.Y. Feb. 3, 2010) (noting that "[g]ood cause can be established when a party does not discover a basis to amend the pleadings . . . until the scheduling order's deadline to do so has passed" and finding good cause where moving party

---

[2] Fed. R. Civ. P. 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent."

3

learned of necessary facts at a deposition taken after the deadline to amend pleadings); *New Yuen Fat Garments Factory Ltd. v. August Silk, Inc.*, No. 07 Civ. 8304, 2009 U.S. Dist. LEXIS 45847, at *9 (S.D.N.Y. June 1, 2009) (finding good cause where proposed amendment was based on information learned during discovery and after the deadline to amend pleadings)

  Here, the deadline in the scheduling order for amended pleadings was March 28, 2008. (Dkt. No. 7.) Plaintiff could not have amended the complaint to seek liquidated damages by this deadline because *Shady Grove* was not decided until March 31, 2010. Moreover, Plaintiff's counsel acted with diligence to amend the complaint after learning of the *Shady Grove* decision in early April 2010. (Schulman Decl. ¶ 2.) On April 29, 2010, Plaintiff's counsel advised Defendant's counsel of their intent to file a Second Amended Complaint in light of *Shady Grove* and asked if they would consent to an amendment. ("Schulman Decl. ¶ 3.) Defendant's counsel responded on May 2, 2010 but did not state whether or not Defendant would consent to an amendment. (Schulman Decl. ¶ 4.) Plaintiff's counsel replied to Defendant's counsel on May 3, 2010, but did not receive any further communications from Defendant's counsel regarding the proposed amendment. (Schulman Decl. ¶ 5.) Because the parties were actively engaged in briefing Defendant's decertification and summary judgment motion soon after the *Shady Grove* decision was entered, Plaintiff's counsel filed the present motion shortly after Defendant's motion was fully briefed by the parties. (Schulman Decl. ¶ 6.) The only reason for the short delay in filing the instant motion was counsel's involvement with another dispositive motion in this case. Thus, Plaintiff has acted diligently by filing the instant motion roughly two months after learning of the *Shady Grove* decision. *Nycomed US Inc.*, 2010 U.S. Dist. LEXIS 29267, at *35-36 (collecting cases and finding good cause for failing to amend a pleading by the scheduling order's deadline where the party moved to amend three months after acquiring the

information underlying the amendment). Accordingly, there is good cause to modify the scheduling order and permit Plaintiff to amend the complaint.

B.   **Leave To Amend Is Freely Given, And Plaintiffs Should Be Permitted To Amend The Complaint**

Fed. R. Civ. P. 15(a) permits a party to amend a pleading at any time with leave of the court, and provides that "[t]he court should freely give leave when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court emphasized the clear intent of this rule:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

In *Foman*, the Supreme Court cited specific reasons for denying a Rule 15(a) motion to amend. 371 U.S. at 182. Those reasons (undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment) are not present in this case.

There has been no "undue delay," "bad faith or dilatory motive on the part of the movant" or "repeated failure to cure deficiencies by amendments previously allowed." Plaintiff is moving to amend pursuant to the *Shady Grove* ruling, which was issued just over two months ago.

The amendment would result in no "undue prejudice to the opposing party." Plaintiff's amendment simply recognizes that the class may now recover liquidated damages on the state law claims and corrects clerical errors. Further, the amendment will require no additional discovery. Plaintiff has already alleged that Defendant's FLSA violations were willful, and the

5

tests for determining willfulness under the FLSA and entitlement to liquidated damages under the New York Labor Law are very similar. *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008). Courts recognize that an amendment of a complaint to seek additional damages is not "undue prejudice" and is not sufficient grounds for the denial of a motion to amend. *Hartman v. County of Nassau*, No. 04 Civ. 1784, 2008 U.S. Dist. LEXIS 34729, at *63 (E.D.N.Y. Apr. 28, 2008), *aff'd on other grounds*, 350 Fed. Appx. 477 (2d Cir. 2009) ("Increased exposure of a defendant through the addition of a punitive damages claim is not sufficient grounds to deny leave to amend.").

Pursuant to the *Shady Grove* decision, Plaintiff is permitted to seek liquidated damages in conjunction with their New York Labor Law class claims. Accordingly, the amendment is clearly not futile. *Hartman*, 2008 U.S. Dist. LEXIS 34729, at *55 ("An amendment to a complaint would be futile if it could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).")

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant him leave to amend the complaint as set forth in the attached proposed Second Amended Complaint.

Dated: New York, New York
       June 4, 2010

Respectfully submitted,

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: /s/   Denise A. Schulman
   Denise A. Schulman
   D. Maimon Kirschenbaum
   757 Third Avenue, 25th Floor
   New York, NY 10017
   Tel: (212) 688-5640
   Fax: (212) 688-2548

*Attorneys for Plaintiffs, collective action members, and the class*